## McCOY v. GADDES.
### No. 6200.

Circuit Court of Appeals, Third Circuit.
Feb. 15, 1937.

Harry R. Axelroth, of Philadelphia, Pa. (Axelroth & Porteous, of Philadelphia, Pa., of counsel), for appellant.

Allen Spangler, of Philadelphia, Pa., for appellee.

Before BUFFINGTON and THOMPSON, Circuit Judges, and MARIS, District Judge.

PER CURIAM.

This present case of Dell F. McCoy v. Dorothy E. Gaddes, together with the companion case of Edith Louise McGorry v. Dell F. McCoy, were separate actions brought in the court below to recover damages for the death of the respective plaintiffs' husbands, Melvin Gaddes and Emmett McGorry, arising out of an automobile collision which occurred on June 5, 1932, on the concrete highway known as the Lentz Trail, at a point about a mile and a half east of White Bear, in Carbon county, Pa. McGorry was the owner and driver of one car and Gaddes was his guest therein. The two cases were tried together and resulted in a money verdict for Mrs. Gaddes, which verdict is here sought to be reviewed, and a verdict for the present appellant in the suit brought by Edith Louise McGorry, which latter case is not before us for review.

As we view this present case, it is really an attempt to review the court's action in refusing a new trial, a matter which is not appealable in the absence of abuse of discretion on the part of the trial judge. A study of the proofs show that they warranted the verdict against the present appellant and in favor of Dorothy E. Gaddes and that there is no ground for setting aside that verdict. The fact that the verdict of the jury in the companion case of McGorry v. McCoy is alleged to be inconsistent therewith is no ground for setting aside the present judgment here in review, unless such judgment is based on error.

This leaves only the question of the omission of the trial judge to send for counsel and give additional instructions to the jury when it requested such instructions. It seems to us that this action of the trial judge was one wholly for the exercise of his discretion. The jury had been sufficiently charged, counsel were absent, and in their absence the trial judge declined to give further instructions. In addition to that, no exception was taken to the action of the judge and there is nothing in the record upon which to base an assignment of error and warrant our review.

Without entering into the complicated facts of this case, in which no principle or precedent is involved, we confine ourselves to affirming the judgment of the court below.