### NAVARRO v. MAYO.

#### No. 9114.

United States Court of Appeals
District of Columbia.

Argued Feb. 6, 1946.

Decided March 18, 1946.

Mr. William R. Lichtenberg, of Washington, D. C., with whom Mr. Samuel Barker, of Washington, D. C., was on the brief, for appellant. Mr. Joseph Luria, of Washington, D. C., also entered an appearance for appellant.

Mr. A. Arvin Lynn, of Washington, D. C., with whom Messrs. Joseph D. Bulman and Sidney M. Goldstein, both of Washington, D. C., were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Associate Justices.

PRETTYMAN, Associate Justice.

Appellant and appellee were the owners of two taxicabs which were in collision. One Knaus was a passenger in appellee's cab. Appellee brought civil action against appellant for personal and property damages. Appellant filed a counter-claim for property damage to her car. The passenger, Knaus, filed an action against both appellant and appellee for personal damages. There were other pleadings not material here. The cases were consolidated for trial. The evidence as to the circumstances of the accident was conflicting. The court instructed the jury that it might find for the passenger against appellant or appellee, if either was negligent, or against both appellant and appellee, if both were negligent; that the degree of care owed to the

---

12 See Kohler et al. v. Jacobs et al., 5 Cir., 138 F.2d 440, 441.

314

passenger by the driver of the cab in which she was riding was different from the degree of care owed her by the driver of the other cab; that the driver of the cab in which the passenger was riding owed her the highest degree of care, whereas the driver of the other cab owed her ordinary care; and that no question of contributory negligence as between the drivers could enter into the case of the passenger against the cab owners. The court further instructed the jury that the drivers of the cabs owed one another ordinary care; that if one was negligent but the other was also guilty of negligence which contributed to the accident, neither could recover of the other; that the rule as to contributory negligence is subject to the last clear chance doctrine, that is, that a negligent defendant would be liable to a negligent plaintiff if he was aware of the plaintiff's peril, or only unaware thereof by carelessness, and had a later opportunity than did the plaintiff to avoid the accident. The jury found in favor of the passenger against both appellant and appellee in the one case, and in the other case returned a verdict for $1,500 in favor of appellee against appellant. From judgment upon the latter verdict appellant appeals.

Appellant contends that the court erred in giving the instruction on last clear chance, and also erred in permitting the verdict in favor of appellee against appellant to stand after the jury had found in favor of the passenger against both appellant and appellee. The basis of the first contention is that there was no evidence to warrant an instruction on last clear chance. We agree with the trial court that the evidence was such that the jury might properly have concluded that the driver of appellant's cab (one Richie) had an opportunity to avoid the accident. The time was noon, and it was raining hard. Appellee stopped at a stop sign and looked both ways. She then entered the intersection in low gear to permit a northbound car to pass. She then gradually approached the middle of the intersection, shifting gears. Appellant's car was southbound, approaching on appellee's right. The relative positions of the cars, as they approached the center of the intersection, were such that appellee's view of appellant's car would have been through her right windows, obscured by rain, whereas Richie's view of appellee's car would have been through his front windshield, presumably cleared by

windshield wipers. It was possible, we think, for the jury to have concluded that if appellant's driver had been observant and had been traveling at a proper speed under the circumstances, he would have seen appellee's car during the appreciable time appellee was moving toward the center of the intersection, and would have had a later opportunity than appellee either to stop or to swerve enough to avoid the collision.

The theory of appellant's contention based upon the verdict in the passenger's case, is that the issues in the two cases were the same and that, therefore, the two verdicts were inconsistent. We agree with the trial court's view of that matter. Appellee owed her passenger the highest degree of care, and the doctrine of contributory negligence, with its corollary of last clear chance, did not apply to the passenger. The issues in the two cases were different, and the verdict in favor of the passenger against both cab owners was not inconsistent with the verdict in favor of one cab owner against the other.

Affirmed.