## DE PASCALE v. PENNSYLVANIA R. CO.
### No. 10022.

United States Court of Appeals
Third Circuit

Argued Feb. 9, 1950.

Decided March 2, 1950.

Elias Magil, Philadelphia, Pa. (Richter, Lord & Farage, Philadelphia, Pa., on the brief), for appellant.

Joseph S. Clark, Jr., Philadelphia, Pa. (J. Peter Williams, Philadelphia, Pa., Barnes, Dechert, Price, Myers & Clark, Philadelphia, Pa., on the brief), for appellee.

Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.

McLAUGHLIN, Circuit Judge.

This is an action for personal injuries under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq. It was tried to a court and jury and resulted in a verdict in favor of the defendant. Plaintiff's motion for a new trial was denied. From the judgment in favor of the defendant and from the order denying the new trial, plaintiff appeals.

The rather unusual appeal argument is made that the verdict is against the weight of the evidence. The setting aside of a verdict and the allowance of a new trial for that reason is admittedly within the sound discretion of the trial judge and in the absence of abuse, that discretion will not be disturbed on appeal. Erie R. Co. v. Irons, 3 Cir., 48 F.2d 60, 63, certiorari denied 283 U.S. 857, 51 S.Ct. 649, 75 L.Ed. 1463; McCoy v. Gaddes, 3 Cir., 88 F.2d 480; Roedegir v. Phillips, 4 Cir., 85 F.2d 995.

Appellant was a freight train conductor in the employ of appellee. On August 27, 1946, he was working in appellee's freight yard near Ashtabula, Ohio. He said that while walking in the yard, the ground gave way beneath him and his right leg "went down into the hole completely." He said that the ground in the particular area "looked just like the rest, it seemed solid." He said, "I have seen a lot of cave-ins here * * *." The only factual testimony for appellant in addition to his own was part of a statement from track foreman Beaver which tended to substantiate appellant's evidence regarding the hole. Beaver said in the statement, "I went to yard and found hole about fifty feet east of frog of No. 2 track. It was about one foot in diameter and I could get a shovel down, but could not reach solid ground. The hole was right between the rails."

Edward H. Dillon, a brakeman, was a witness on behalf of the defense. At the time of appellant's accident, Dillon was walking within ten feet of him. He said, "I looked around and he was gone, with his one leg, and dropped in." His best recollection was that appellant got right out of the hole himself. He had been working

in the yard five years at the time. He did not recollect any other instances where there had been such a cave in and a man hurt. The general maintenance foreman of the yard testified that during his three years service at the yard he had never seen or heard "of a cave-in where a man was hurt" other than the instant one. An earlier statement by him was in evidence and indicated that there had been cave ins though no mention was made of anyone having been hurt. The Ashtabula yardmaster has been at the particular yard since 1913. He said that "I know of no cave-ins there. I have not seen any. I have walked the tracks myself and I haven't heard of anything outside of the one we had with Mr. DePascale."

The trial Court charged, as is the law, that it was the duty of appellee "to maintain a reasonably safe place for the employees of this yard to work" and gave to the jury as a vital question to be determined by them, "Was there a breach of this duty on the part of the Pennsylvania Railroad Company?" Cf. Bailey v. Central Vt. R., 319 U.S. 350, 352, 353, 63 S.Ct. 1062, 87 L.Ed. 1444; Raudenbush v. Baltimore & O.R.Co., 3 Cir., 160 F.2d 363, 366, 367. The Court carefully explained that contributory negligence would not defeat plaintiff's recovery; that it would only go to mitigation of damages. And the Court further gave the jury to understand that if they found the railroad negligent and if that negligence "in whole or part was responsible for the injury which the plaintiff claims he suffered, then you come to the question of damages, * * *."

This was a fact issue. Appellant's theory that appellee was negligent in its maintenance of the yard and perhaps in its selection of the site was sharply contradicted by the defense testimony. There was no motion on behalf of the appellant for a direction of verdict in his favor. If there had been, it would have been properly denied. The case was fairly tried and fairly charged. Thereafter, the trial Judge refused to disturb the jury verdict. In so doing he was well within his discretion.

Appellant's second point is a complaint against the defense for not calling track foreman Beaver as a witness. There is no substance to this. Beaver did not see the accident. Appellant claims that his knowledge of the condition of the yard was important. If so, his testimony could have been obtained without any real difficulty, especially as other evidence was actually taken on appellant's side of the matter in Ashtabula prior to trial. Beaver was present during the early stages of the trial. Request could have been made to the Court to insure his presence throughout the proceedings. He could have been subpoenaed while in Philadelphia.

Appellant asserts that it was reversible error for the District Judge to refuse its request to charge an assumption of risk. That request read: "The plaintiff does not assume any of the risk of his employment, and if you find that the place where he fell was not reasonably safe, then, even if plaintiff knew of the unsafe condition of the yard, your verdict must still be for the plaintiff."

The request was denied "as stated". It should have been, because it is wrong in law. It completely overlooks the vital elements of proximate cause and knowledge, real or constructive, of the railroad that the place was not reasonably safe. Even so, it is urged that the request was sufficient to direct the Court's attention to the subject of assumption of risk and that, in the situation, the Court should have charged regarding it. Assumption of risk was definitely not important in this case. There was no suggestion regarding it during the course of the trial. Under the circumstances, though not specifically referred to, it was sufficiently covered by the charge. The charge, as already mentioned, directly instructed the jury that if they found the railroad at fault and that the fault contributed proximately to the accident, then it became simply a question of how much damages appellant was to be allowed.

We have examined appellant's remaining two points. They are without merit and do not require extended discussion.

The judgment of the District Court will be affirmed.