P. L. McGUIRE and Ada McGuire,
Plaintiffs,

v.

SOUTHWESTERN GREYHOUND LINES,
Inc., and C. W. Blackburn, Defendants,

Southwestern Greyhound Lines, Inc., Appellant, C. W. Blackburn, Respondent.

No. 29361.

St. Louis Court of Appeals.

Missouri.

May 15, 1956.

Motion for Rehearing or for Transfer to
Supreme Court Denied June 27, 1956.

Frank G. Harris, Jr., Ralph L. Alexander, Alexander, Welliver & Wayland, Columbia, for appellant.

Frank B. Edwards, Fry, Edwards & Wright, Mexico, for respondent.

WOLFE, Commissioner.

This is an action wherein the plaintiffs sought to recover for damage to their automobile and damages arising out of personal injuries to Ada McGuire. They charged that the defendant's Southwestern Greyhound Lines bus, while passing their car, negligently crowded it into the side of a highway bridge and that defendant Blackburn's car, which was following the bus, thereafter negligently struck their car in the rear. Defendant Blackburn cross claimed against the bus company and sought damages for both personal injuries and for damage to his car. The jury returned a verdict in favor of the plaintiffs and against both the bus company and Blackburn. It also found in favor of Blackburn on his action against the bus company. The plaintiffs' judgment against both defendants was satisfied but the bus company has appealed from the judgment against it in favor of Blackburn.

The facts of the case are that the plaintiffs were starting on a trip from their home in Auxvasse, Missouri, to the state of Virginia. They had traveled but a short distance eastwardly on U. S. Highway 40 when a Greyhound bus passed them on a bridge over the Auxvasse Creek. In order to avoid a head-on collision with a westbound automobile, the bus swung sharply in front of the plaintiffs' car, forcing it into the side of the bridge and causing McGuire to bring his car to a sudden stop. McGuire said that he had been traveling at a speed of about 40 to 45 miles per hour and he did not know that there were any other vehicles behind him other than the bus. There was no horn sounded as it passed and when McGuire was forced to the side of the bridge and forced to stop, he gave no signal other than the automatic light signal that operated from his brakes. Blackburn, who was following in the rear of the bus before it turned out to pass, attempted to stop but his car struck the rear of the plaintiffs' car. After that Blackburn's car was struck by a truck following it, which caused his car to again hit the car of the plaintiffs.

A man named Haas, who had been following Blackburn's car and whose truck later struck it, testified that he had followed for several miles and that there was about a 50-foot space between the cars. He saw the westbound automobile when it was about 150 or 200 feet east of the bus and McGuire's automobile as the bus was passing McGuire. The bus turned sharply to the right, cutting off McGuire. McGuire's car hit the bridge rail, Blackburn hit McGuire, and he hit Blackburn.

The driver of the westbound car stopped after he had passed the point of the multiple collision, and he testified that he had slackened his speed to avoid hitting the bus as it passed McGuire's car on the bridge and that he saw the bus cut back sharply in front of McGuire. He did not see the actual collision as his view was obstructed by the bus.

The bus driver testified that he did not know of any collision and that after passing McGuire he had continued eastwardly. He testified that he had plenty of time to get around McGuire's automobile and that the bus was clear of it when he turned back into the eastbound lane.

Blackburn testified that he was going at about 35 or 45 miles per hour as he approached the bridge. He was then 100 to 125 feet behind the bus. As the bus pulled out of line to pass McGuire, Blackburn speeded up to close the gap between his car and McGuire's with the intention of passing McGuire when the way was clear. He was about 80 feet behind McGuire's car when it stopped suddenly. He put on his brakes and his car skidded for about 25 feet but struck the back of McGuire's car before it stopped. He said that it was right after this that his car was struck by the following truck and again ran into

McGuire's car. He stated that he was traveling too close to the McGuire car to bring his own car to a stop after the sudden stopping of McGuire's car.

■ The bus company first asserts that the court erred in not directing a verdict for it, in that Blackburn was guilty of contributory negligence as a matter of law. It is contended that there was imposed upon him the duty of having his car under such control as to be able to stop in time to avoid running into the car ahead when that car came to a sudden emergency stop. There is no doubt that Blackburn had that duty, but whether or not he was negligent was for the jury to determine. We cannot say that as a matter of law he should have been immediately cognizant of the whole situation with which he was confronted. Champieux v. Miller, Mo.Sup., 255 S.W.2d 794, loc. cit. 796.

We are presented, however, with the fact that the jury did find him negligent when it returned a verdict against him and the bus company on plaintiffs' action. The appealing bus company states that since the jury found the defendant negligent by its judgment against him in the plaintiffs' case a verdict in his favor in his own action against the bus company is inconsistent and self-destructive. This is advanced upon the ground that since the jury found that he negligently collided with McGuire's car they could not by another finding on the same facts and issues find him free from negligence contributing to the same collision which caused his own injury.

The plaintiffs' case against Blackburn was submitted to the jury on the theory that Blackburn was driving too fast and too close to the McGuire car so that he was unable to stop upon the first appearance of danger in time to avoid colliding with it. In Blackburn's cross claim against the bus company the jury was instructed on the defense of contributory negligence and the theory was that Blackburn could not recover if he was negligently traveling at a dangerous rate of speed under the circumstances and was negligently in such close proximity to the plaintiffs' car that he could not stop his own in time to avoid the collision.

■ The negligence which the jury was required to find, in order to return a verdict against Blackburn, was the same negligence which operated as a defense against his own claim. It follows that the finding in favor of the plaintiffs against Blackburn and the finding in favor of Blackburn are inconsistent. A verdict is bad and will not support a judgment where it is inconsistent, contradictory and illogical. 89 C.J.S., Trial, § 496, p. 159; Devine v. Kroger Grocery & Baking Co., 349 Mo. 621, 162 S.W.2d 813; Grace v. Smith, Mo. App., 270 S.W.2d 79; Grace v. Smith, Mo. Sup., 277 S.W.2d 503; Navarro v. Mayo, 81 U.S.App.D.C. 34, 154 F.2d 313.

Blackburn contends that the negligence charged by the McGuires against him was not the same as the charge of contributory negligence made against him by the bus company, but we are not informed, nor does reading disclose, wherein they differ.

Blackburn asserts that the judgment against him and in favor of the plaintiffs was reached by reason of an erroneous instruction. The errors assigned do not appear to be present.

■ It is, of course, true that where there are two inconsistent findings there is no priority between them and both are bad, but to take advantage of this the whole case must be subject to review. Had Blackburn appealed from the judgment against him a retrial of both the plaintiffs' case and the defendant's cross claim should have been ordered. However, Blackburn did not appeal but satisfied the judgment against him and thereby made it conclusive of the issues tried. This leaves before us only the finding of the jury, which conflicts with the final judgment for the plaintiffs, and because of this the judgment on the cross claim cannot stand.

For the reasons stated, it is the recommendation of the Commissioner that the judgment in favor of defendant Blackburn on his cross claim against Southwestern Greyhound Lines, Inc., be reversed.

**624**

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court in favor of defendant Blackburn on his cross claim is accordingly reversed.

ANDERSON, P. J., MATTHES, J., and SAM C. BLAIR, Special Judge, concur.