Dorothy LEE and Edward Lee, Plaintiffs,

v.

Joseph KNIGHT, Jr.,
Defendant-Respondent,

Alice Coleman, n/k/a Alice Mabry, Defendant, Cross-Claimant-Appellant.

No. 36849.

Missouri Court of Appeals,
St. Louis District,
Division Four.

May 11, 1976.

Jack Gallego, Troy, Mo., for appellant.

Kortenhof & Ely, Frank E. Strzelec, St. Louis, for respondent.

Glennon T. Moran, St. Louis, for plaintiffs.

ALDEN A. STOCKARD, Special Judge.

Plaintiff Dorothy Lee was a passenger in an automobile operated by defendant Alice Coleman, subsequently remarried and hereinafter referred to as Alice Mabry, which was involved in a collision with an automobile operated by defendant Joseph Knight, Jr. She brought suit against the operator of each automobile for personal injuries, and in a separate count her husband sought damages for loss of consortium. Defendant Mabry filed a cross-claim against defendant Knight in which she sought damages for personal injuries sustained in the same collision. Before the trial of the Lees' causes of action, by agreement of all the parties, the cross-claim was severed and a separate trial was ordered.

Plaintiffs' case was submitted to the jury on the issue of primary negligence on the part of defendant Mabry in failing to keep a careful lookout, and on the part of defendant Knight in failing to yield the right of way. A verdict was returned against each defendant, and judgment was entered thereon.

Thereafter trial was had on defendant Mabry's cross-claim, and the case was submitted to the jury on the issue of the failure of defendant Knight to keep a careful lookout, or in driving at an excessive speed, or in failing to yield the right of way. Defendant Knight submitted contributory negligence on the part of cross-claimant Mabry in failing to keep a careful lookout. The jury returned a verdict in favor of cross-claimant Mabry, and judgment was entered thereon. Thereafter defendant Knight filed a motion for "judgment in accordance with motion for directed verdict," and assigned as a reason therefore that cross-claimant Mabry was "conclusively negligent as a matter of law by reason of the verdict returned in this case in the claim of Dorothy and Edward Lee against Alice [Mabry] and Joseph Knight, Jr., in that, in this case, a jury deciding the Lee claim held that both [Mabry] and Knight were negligent," and that that "verdict acts as a final determination of the negligence of the parties, becomes the law of the case, and is res adjudicata on the issue of Alice [Mabry's] negligence." The trial court sustained this motion and entered judgment for defendant Knight. Cross-claimant Mabry has appealed. We reverse with directions.

We consider the issue presented on this appeal to be governed by *Page v. Hamilton,* 329 S.W.2d 758 (Mo.1959). There the plaintiff obtained a judgment against joint tortfeasors based on humanitarian negligence. As to defendant Crowe the negligence submitted was the failure to slacken the speed of his automobile and to swerve to the right. Defendant Crowe filed a cross-claim against defendant Hamilton, and plaintiff's cause and the cross-claim were tried together. Cross-claimant Crowe submitted primary negligence on the part of Hamilton in that he failed to drive his automobile as close to the right side of the highway as possible, and Hamilton submitted contributory negligence on the part of Crowe in that he could have seen Hamilton's automobile enter the travel lane in time thereafter to have avoided the collision by slackening speed and swerving his automobile to the right. The jury returned a verdict in favor of plaintiff and against both defendants in plaintiff's case, and in favor of cross-claimant Crowe and against defendant Hamilton on the cross-claim. The trial court held the verdict to be inconsistent because the negligent act which the jury was required to find in order to return a verdict for plaintiff against defendant Crowe consisted of the identical contributory negligence submitted with respect to Crowe's cross-claim against Hamilton. The verdicts of plaintiff for Crowe as to liability were set aside and a new trial ordered. On appeal the Missou-

ri Supreme Court said: "Absent the filing of a cross-claim the right of the defendant inter sese would not have been adjudicated because ordinarily a judgment in favor of a plaintiff does not determine the relative rights or liabilities of codefendants unless their hostile or conflicting claims are actually brought into issue by pleadings and are litigated and determined." The court further commented: "This points up one of the perplexing questions of the case; that is, whether a result, *legally acceptable when achieved by different verdicts in separate trials on the same set of facts,* becomes erroneous because of inconsistency when accomplished by a general verdict in a single trial of separate causes of action joined in the same suit * * *." (Italics added.) The court also stated: "If the same general verdicts had been returned in separate trials of plaintiff's action and defendant Crowe's cross-claim under instructions before us [that is, those instructions which were given], there could not be any legal inconsistency; that is, no inconsistency justifying setting either or both of the verdicts aside." This above result is in accord with the majority rule as set forth in an annotation entitled "Judgment in Action Against Codefendants for Injury or Death of Person, or for Damage to Property, As Res Judicata in Subsequent Action Between Codefendants as to their Liability Inter Se." 24 A.L.R.3d 318. See particularly § 10(a) of that annotation.

Respondent Knight relies primarily on *McGuire v. Southwestern Greyhound Lines, Inc.,* 291 S.W.2d 621 (Mo.App.1956), but that case was overruled by *Page v. Hamilton,* supra.

The rule of *Page* case was applied in *Crystal Tire Co. v. Home Service Oil Company,* 525 S.W.2d 317 (Mo. banc 1975), where plaintiff's cause of action and cross-claims between two defendants were tried together. In that case plaintiff obtained a judgment against Home Service Oil Company and C.E.S. Truck Lines, Inc. for negligently causing a fire. Each defendant filed a cross-claim against the other, and each sought to be indemnified on the basis that its negligence, if any, was passive while the negligence of the other was active. The verdict of the jury was against each cross-claimant. On appeal C.E.S. Truck Lines, Inc. contended that an instruction requested by Home Service Oil Company was "in conflict with the law of the case as declared * * * in *Crystal Tire Co. v. Home Service Oil Co. et al.,* 465 S.W.2d 531, 533 (Mo.)," the appeal from plaintiff's judgment against both defendants. The court held that what was said by the court on the earlier appeal in reference as to whether plaintiff made a case against both defendants under the res ipsa loquitur doctrine was "the law of the case as to Crystal Tire's claim against both defendants. It is not the law of the case with respect to each defendant's cross-claim against the other submitted on primary negligence. It is not binding on these defendants on the question of which one of them was guilty of active negligence and which passive. A jury could, under these facts, reach a result different from and inconsistent with what [the court said was the law of the case pertaining to plaintiff's claim against both defendants] in determining the issues involved in the two cross-claims."

■ We are of the opinion that the trial court erroneously entered judgment for defendant Knight on Mabry's cross-claim.

Defendant Knight filed, in the alternative to his motion for judgment, a motion for new trial. He now asserts on this appeal that in the event he is not entitled to judgment as a matter of law, he is entitled to a new trial "because of the erroneous injection of Mabry's family status in the case." He refers to two occurrences.

During the direct examination of Alice Mabry she testified that she still had various complaints, that she had difficulty in walking, and that changes in weather adversely affected her. She was then asked: "And how many children do you have at home now?" An objection was made on the basis that "it has no bearing on this case." The court agreed, although the witness had during the making of the objection answered, "Three." Counsel for Mrs. Mabry then

**348**

said, "All right. Delete that question," and the court answered, "All right." No other relief was requested. There was no mention made in the motion for new trial of this incident.

The other incident occurred during the examination of Mrs. Mabry's treating doctor when he was relating her past medical history as related to him by her. During that testimony the doctor stated that "There was a history of treatment for a broken rib received from a fall from a horse in 1956 with normal recovery. She had the following surgeries: In 1957 a tonsillectomy —" Counsel for defendant objected that "the tonsillectomy would [not] have any relevance to any injuries in this accident," and that "the past history would not be relevant if she was free of any back problems or neck problems but the other problems that she did have I don't think would be relevant." The court said: "Overruled." The witness then continued: "Well, her— she had four children by cesarean, all living. They were in '59, '61, '63, and '65. '66 she had a tubal ligation and this was her medical history up until the time that she received her injuries in this accident * *." There was no objection to the reference to the number of children she had had by cesarean, no motion to strike, and no request for any relief.

■ Defendant Knight cites and relies on *Donze v. Swofford,* 368 S.W.2d 917 (Mo. App.1963), in which it was forcefully stated that "it is improper to inquire of a plaintiff as to the number of children there are in his family." We can assume that the question in the first incident was improper, but the question was "deleted," no relief was requested such as the answer be stricken and disregarded by the jury, and there is no reference to the incident in the motion for new trial. It serves as no basis for sustaining the motion for new trial.

■ As to the second incident, defendant Knight presents no issue as to the propriety of the doctor relating the medical history of cross-claimant Mabry, and the cesarean operations were a part of that history. But, of more importance, there was no objection to the testimony, no motion to strike, and no request for other relief. In these circumstances the second incident presents no basis for sustaining the motion for new trial.

The judgment is reversed and the cause remanded with directions to reinstate the judgment in favor of cross-claimant Mabry and against defendant Knight as of the date it was originally entered.

SMITH, C. J., and NORWIN D. HOUSER, Special Judge, concur.