**Birdie CHANDLER, Plaintiff-Appellant,**

v.

**Robert J. MATTOX, Defendant-Respondent.**

No. 38047.

Missouri Court of Appeals, St. Louis District, Division One.

Nov. 23, 1976.

Elmer C. Oberhellman, Paul J. Simon, St. Louis, for plaintiff-appellant.

Gerre S. Langton, St. Louis, for defendant-respondent.

DOWD, Judge.

Plaintiff's suit for negligence was dismissed with prejudice following her admission that her injuries were due in part to her contributory negligence. On appeal, plaintiff argues that dismissal by the trial court was error because the doctrine of contributory negligence should be replaced by the doctrine of comparative negligence which would not bar recovery.

The doctrine of comparative negligence is not the law in Missouri. *Howard v. Scarritt Estate Co.,* 267 Mo. 398, 402, 184 S.W. 1144[2] (1916); *Reed v. Shelly,* 378 S.W.2d 291[20] (Mo.App.1969). The doctrine of contributory negligence continues to be the applicable law in Missouri, *Vanasse v. Plautz,* 538 S.W.2d 928[5] (Mo.App. 1976); *Lee v. Knight,* 538 S.W.2d 345 (Mo. App.1976), and the trial court did not err in

sustaining a motion for summary judgment based on the application of this doctrine.

 Plaintiff raises two other points in her brief which read: "1. This court should adopt the pure form of comparative negligence", and "2. The new rule should be applied to the instant case." These points must be dismissed for failure to comply with Rule 84.04(d), V.A.M.R., in that plaintiff does not state any error on the part of the trial court.

After careful review of the record, briefs and authorities, we conclude that the judgment of the circuit court dismissing the plaintiff's suit with prejudice is not erroneous. *Murphy v. Carron,* 536 S.W.2d 30 (Mo. banc 1976).

The judgment of the court below is affirmed.

WEIER, P. J., and CLEMENS, J., concur.