[Civ. No. 21107. Second Dist., Div. One. Oct. 24, 1955.]

HARRY H. MINEHART, Appellant, v. SOUTHERN PACIFIC COMPANY (a Corporation), Respondent.

Colley & Sakuma and Nathaniel S. Colley for Appellant.

John R. Allport and John T. LaFollette for Respondent.

DRAPEAU, J.—Plaintiff, Harry M. Minehart, was employed by defendant, Southern Pacific Company, as a railroad engineer. He was called for duty at Indio, California, in the early morning before daybreak to take a freight train to Yuma.

The engine that he was to use was on the "turn-out track," headed east, about 150 feet from the roundhouse.

Mr. Minehart made the usual engineer's inspection. His fireman had not showed up yet. So he looked for him at the roundhouse, but couldn't find him. Then he returned to the engine and made the fireman's inspection himself, checking the water and oil and the instruments used to measure and regulate them. This was done on top of the engine.

When he had completed this inspection, Mr. Minehart started down a ladder on the side of the engine, to get back onto the ground. The steps and grab-irons of the ladder were so greasy and slippery with engine fuel oil that he slipped and fell off the ladder to the ground.

After recovering from the shock of his fall he got up, and wiped off the grease on the ladder, using a stick and a rag. Then he went to the roundhouse to report sick, but couldn't find anyone there. So he went back to his locomotive, ran it to the train it had been designated to haul, and proceeded as its engineer to Yuma, Arizona, the end of his division.

At Yuma Mr. Minehart rested in a railroad boarding house, and on the next day ran a diesel engine with another freight train back to Indio.

There he advised his superiors of the accident, signed accident reports required by the company, and was sent to a company doctor. In these reports nothing was said about the grease on the ladder; but plaintiff testified that he mentioned that fact to the persons who made out the report.

Mr. Minehart was seriously injured. He has never yet been cleared, to resume his work, by the railroad company's doctors.

In this proceeding under the Federal Employers' Liability

Act (45 U.S.C.A. § 51 et seq.), a jury found for the defendant railroad company, and plaintiff appeals from the judgment that followed.

This appeal again points to a noticeable lag in the federal law of workmen's compensation. ■ Concededly this workman was injured in the course of his employment, but under the Federal Employers' Liability Act negligence must be shown on the part of the employer before an employee may recover for injuries sustained in the course and scope of his employment. (*Spencer* v. *Atchison, T. & S. F. Ry. Co.*, 92 Cal.App.2d 490 [207 P.2d 126].)

Plaintiff on this appeal contends, however, that it was error for the trial court to refuse to instruct or to submit to the jury the question as to whether at the time of the accident the locomotive was in use within the meaning of the Safety Appliance Act. (45 U.S.C.A. § 23.)

■ This section is part of the Federal Employers' Liability Act. Under it the carrier is charged with the absolute duty not to use any locomotive in improper or unsafe condition to be used in the service to which it is assigned. (*Compton* v. *Southern Pac. Co.*, 70 Cal.App.2d 267, 268 [161 P.2d 40].)

■ In view of the facts in this case this court is of the opinion that one of the questions embraced in the jury's verdict was whether or not the carrier had furnished a locomotive that was in fact safe at the time; and that it was prejudicial error not to instruct the jury upon that phase of the case, and to submit that question for their finding. ■ Obviously a locomotive with a ladder that was greasy and slippery with engine fuel oil was unsafe. Before the engine left the roundhouse it was the duty of the company to see that the ladder was safe for the use of those of its employees who were required to operate it.

This legal problem was under consideration by the United States Supreme Court in *Lilly* v. *Grand Trunk Western R. Co.*, 317 U.S. 481 [63 S.Ct. 347, 87 L.Ed. 411]. In that case the accident occurred in the railroad yards of the Grand Trunk railway. The train crew had performed certain switching operations and had made up a train that was set out on the "lead track," after which the engine was disconnected and moved over to an adjoining track, to take on water. It was part of Lilly's duties as brakeman to fill the tender with water. While the engine was stopped at the water tank he fell from the top of the tender. He sued under the Federal

Employers' Liability Act and recovered a verdict. The state courts denied recovery; the United States Supreme Court reversed, and held that one of the questions for decision in actions under this statute was whether or not the Safety Appliance Act had been violated under the given conditions, and that the jury should have been instructed accordingly.

Defendant argued in the trial court, and has argued in this court that the engine was not in service, and, therefore, that that portion of the act we are considering was not applicable. Defendant relies upon *Compton* v. *Southern Pac. Co., supra,* 70 Cal.App.2d 267, in support of this argument. But the facts are not the same in this and in the Compton case. In the Compton case the engine was actually in a repair shop at the time of the accident. It was not "in service on the line" as required by the federal statute. In this case when the engine was run out from the roundhouse and placed upon the "turn-out track" it was in service.

 A new trial in this case is required for an additional reason: The trial court instructed the jury on assumption of risk. That defense has been abolished by law. (45 U.S.C.A. § 53; *Ericksen* v. *Southern Pac. Co.,* 39 Cal.2d 374, 379 [246 P.2d 642].)

For the foregoing reasons, the judgment is reversed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied November 10, 1955, and respondent's petition for a hearing by the Supreme Court was denied December 21, 1955. Edmonds, J., Schauer, J., and Spence, J., were of the opinion that the petition should be granted.