Leo D. TURNER, Appellee,

v.

**CLINCHFIELD RAILROAD COMPANY,**
Appellant.

No. 418.

Court of Appeals of Tennessee,
Eastern Section.

Aug. 2, 1972.

Certiorari Denied by Supreme Court
Jan. 2, 1973.

Poore, Cox, Baker, McAuley, Ray & Byrne, Knoxville, for appellant.

Haynes, Gilreath & Gray, Knoxville, for appellee.

## OPINION

PARROTT, Judge.

Leo D. Turner, a railroad engineer, sues his employer, Clinchfield Railroad Company, to recover damages for personal injuries allegedly resulting when plaintiff slipped on a piece of ice and fell on the steps of defendant's engine. Plaintiff alleged his injuries resulted from defendant's failure to comply with the Boiler Inspection Act (45 U.S.C. §§ 23–34) and Federal Employers' Liability Act (45 U.S.C. § 51 et seq.).

Defendant denies any violation of the Act and avers the sole proximate cause of the plaintiff's injury was his own negligence.

At the trial below the jury returned a verdict of $15,000.00 in favor of the plaintiff upon which judgment was entered. Defendant in this appeal insists there was no material evidence to support the verdict and asks the judgment be set aside and the action dismissed.

The proof shows plaintiff at the time of the accident was 57 years of age and had worked for the defendant 28 years with the past seven or eight years being served as an engineer.

The accident occurred on December 15, 1968, while the temperature was near zero. Plaintiff had gone to work that morning at about 6:00 a. m. and was operating a coal train. Just prior to the accident plaintiff had taken his train through the two mile long Sandy Ridge Tunnel. Plaintiff's alleged fall occurred at about noontime while his train was parked on a side track to let other trains pass. Other than plaintiff, there were no witnesses to the fall. According to plaintiff, he went to use the toilet on Locomotive 903 but found the toilet inoperative because the foot pedal was not in working order. In an effort to relieve himself, plaintiff left the cab of the engine and was proceeding down the two steps on the right side of the engine when he fell.

After falling, plaintiff saw a piece of ice on the steps which he described as being four inches long and four inches thick. There is no evidence of any other ice being on the steps or the walkway but plaintiff did testify there was ice around the front of the engine in different places. Further, he testified that on both ends of the Sandy Ridge Tunnel there were icicles hanging down. Further, plaintiff testified that at times past he had seen water freeze around the shutters on locomotives of the same type as the 903 he was operating. However, there is no testimony that prior to or at the time of plaintiff's fall there was any ice frozen on the shutters of engine 903 which plaintiff was operating.

In plaintiff's trip report filed at approximately 2:50 p. m., when he completed the day's work, does not mention the four inch piece of ice or any icing on the shutters of engine 903. In his testimony he gave as his reason for not reporting the ice that such would have been a waste of time be-

cause the defendant did not make such repairs but would only give notice to defects and conditions preventing the engines from operating.

During plaintiff's testimony he admitted that on the day after the accident he told another employee that the ice he saw on the step after the accident might have fallen from the roof of the tunnel. In response to a cross-examination question as to where the ice came from, plaintiff answered by saying: "I can't say, because if I don't [know] where it came from, I can not tell anyone where it came from because I don't know."

In this action plaintiff charges the defendant with two violations of the Boiler Inspection Act. First, the existence of ice on the step of the locomotive; and second, the defective toilet.

■ It is plaintiff's contention that if the toilet had been working properly, he would not have been required to leave the engine and had he not left the engine, would not have stepped on the ice resulting in his injury. To us, manifestly the defective toilet was not a violation of either the Employers' or Boiler Act nor can it be determined to be the proximate cause of plaintiff's injury but was merely a condition. Chesapeake and Ohio Railway Co. v. Burton, 217 F.2d 471 (C.A. 4, 1954).

The Boiler Inspection Act, 45 U.S.C., Sec. 23, provides in part:

"It shall be unlawful for any carrier to use or permit to be used on its line any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put, that the same may be employed in the active service of such carrier without unnecessary peril to life or limb . . . ."

■ The Act imposes upon a carrier an absolute and continuing duty to maintain a locomotive and all parts and appurtenances thereof in proper condition and safe to operate in active service without unnecessary peril to life or limb. Southern Ry. Co. v. Lunsford (1936), 297 U.S. 398, 56 S.Ct. 504, 80 L.Ed. 740.

In Kimbler v. Pittsburgh & Lake Erie R. Co., 331 F.2d 383 (C.A. 3, 1964), the court in considering the duty of the carrier said:

"It is well settled that a railroad is not an insurer of the safety of its employees. Nevertheless it does owe them the continuing duty of using due care in providing them with a reasonably safe place to work, and reasonably safe ingress and egress to that place. When an employee is injured, the test for determining the railroad's liability is to ascertain whether it has failed to exercise reasonable care under the circumstances."

■ While the employee's contributory negligence does not bar recovery for his injuries or death, such may mitigate the damages but the mere fact an injury occurs during the course of and within the scope of employment does not present a question of liability for the jury. There must be evidence showing a causal connection between the employer's negligence or violation of the Act and the employee's injury.

In Ellis v. Union Pacific R. Co. (1947), 329 U.S. 649, 67 S.Ct. 598, 91 L.Ed. 572, and numerous other cases it was held: "The Act does not make the employer the insurer of the safety of his employees while they are on duty. The basis of his liability is his negligence, not the fact that injuries occur. And that negligence must be 'in whole or in part' the cause of the injury."

In Tiller v. Atlantic Coast Line R. Co. (1943), 318 U.S. 54, 63 S.Ct. 444, 87 L.Ed. 610, the Court had the following comment on employer's duty and what would constitute negligence:

". . . lack of due care under the circumstances; or the failure to do what a reasonable and prudent man would ordi-

narily have done under the circumstances of the situation; or doing what such a person under the existing circumstances would not have done . . . . Of course in any case the standard of care must be commensurate to the dangers of the business."

See also Wilkerson v. McCarthy, 336 U.S. 53, 69 S.Ct. 413, 93 L.Ed. 497 (1949).

In 1943 the Supreme Court's ruling in Lilly v. Grand Trunk Western R. Co., 317 U.S. 481, 63 S.Ct. 347, 87 L.Ed. 411, held the employer's duty was not confined to matters of construction and mechanical operation but extended protection against dangerous and hazardous conditions caused by foreign matters being on the equipment.

In the Lilly case a brakeman slipped and fell on ice while putting water in a locomotive. It was a part of his duty to fill the tender with water and to perform this operation he was required to stand on top of the locomotive. On the day the brakeman fell, the top of the tender, an area six feet square, was covered with ice. The court held that the use of a tender covered with ice involved sufficient unnecessary peril to life and limb to permit a jury to find a violation of the Boiler Inspection Act.

Likewise, it was held in Kimbler v. Pittsburgh & Lake Erie R. Co., supra, the employer's failure to prevent or neutralize ice formation on a stairway which an employee had to use could properly be found to be a violation of the Act. In the Kimbler case the weather was cold and ice began to form on steps to a signal tower where plaintiff worked some two hours before the fall.

Since the Lilly decision there are numerous cases which have imposed liability on the railroad for injuries from foreign substances on equipment. Calabritto v. New York, etc., R. Co. (2 Cir. 1961), 287 F.2d 394 [sand and oil on locomotive deck]; Gowins v. Penn. R. Co. (6 Cir. 1962), 299 F.2d 431 [oil on locomotive walkway]; Minehart v. So. Pac. Co. (1955), 136 Cal.

App.2d 486, 288 P.2d 999 [fuel on locomotive ladder]. Each of these cases can be distinguished from the instant case because the foreign substance was one that was closely associated with operation of the equipment and the dangerous condition could have been eliminated by proper maintenance.

■ In cases, as in this case, where it is alleged the employer has failed to comply with the Act by furnishing the employee a safe place to work, the employee still has the burden of proving a hazardous condition. Inman v. Baltimore & Ohio R. (1959), 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed. 2d 198.

■ Further, it must be shown the employer, with the exercise of due care, could have reasonably foreseen that a particular condition could cause injury but it is not necessary to show actual notice of the unsafe condition. However, foreseeability is still an essential ingredient of negligence under the Act. Gallick v. Baltimore & Ohio R. (1963), 372 U.S. 108, 83 S.Ct. 659, 9 L.Ed.2d 618.

■ We do not believe the mere existence of one piece of ice on the steps of a locomotive under these circumstances is within the scope of the Lilly and Kimbler cases so as to impose liability.

In the instant case there is no credible evidence that ice resulted from any defective or faulty condition of the locomotive as there was in the Lilly case. Nor is there any proof to show that the ice had been on the steps a sufficient time so as to constitute constructive notice on the part of the employer as there was in the Kimbler case.

We find no case and none is cited to us where liability has been imposed on a carrier for the temporary presence of a piece of ice or foreign substance on equipment not connected with some mechanical defect, violation of some rule or regulation, or in the absence of negligence on the part of the carrier.

In Raudenbush v. Baltimore & Ohio R. Co. (3 Cir. 1947), 160 F.2d 363, the court recognized the Lilly holding but stated:

"It is a general rule of wide acceptation that since railroad companies have no control over the vagaries of the weather or climatic conditions that there is no liability for injuries resulting from the mere existence of ice or snow and disconnected from other circumstances."

See also Banta v. Union Pac. R. Co. (1951), 362 Mo. 421, 242 S.W.2d 34.

In the absence of any proof as to where the ice came from or how long it had existed on the steps, coupled with no evidence of a mechanical defect, violation of a rule or regulation, we do not believe it can logically be inferred the employer violated the Act by failing to maintain a safe place to work.

The rules and principles applicable to directed verdicts in such cases as this are succinctly stated in Brady v. Southern Railway Co. (1943), 320 U.S. 476, 64 S.Ct. 232, 88 L.Ed. 239:

"The weight of the evidence under the . . . Act must be more than a scintilla before the case may be properly left to the discretion of . . . the jury. When the evidence is such that without weighing the credibility of the witnesses there can be but one reasonable conclusion as to the verdict, the court should determine the proceeding by non-suit, directed verdict or otherwise . . . . The rule as to when a directed verdict is proper . . . is applicable to questions of proximate cause."

We conclude as a matter of law that defendant's failure to have the toilet on the locomotive operative did not cause the accident and that there is no evidence offered from which a jury could infer the defendant was guilty of any other negligence or violation of the Boiler Inspection Act.

Let the judgment be set aside and the action dismissed with costs taxed to the appellee.

COOPER, P. J. (E.S.), and SANDERS, J., concur.