**LOUISVILLE & NASHVILLE RAIL-ROAD COMPANY, Appellant,**

v.

**Herman Joseph MARSHALL, Appellee.**

Court of Appeals of Kentucky.

March 7, 1980.

As Modified March 14, 1980.

Discretionary Review Denied Sept. 16, 1980.

Fielden Woodward, David R. Monohan, Woodward, Hobson & Fulton, Louisville, for Louisville and Nashville R. Co; Marvin D. Jones, Louisville, Law Depart., L & N R. Co., of counsel.

James M. Clements, Louisville, for appellee.

Before COOPER, GUDGEL and LESTER, JJ.

COOPER, Judge.

This is an appeal from a judgment rendered in a negligence action brought under the Federal Employers' Liability Act. 45 U.S.C.A. § 51 et seq. At issue are the questions of whether the trial court erred in (1) refusing to direct a verdict for the appellant; or, in the alternative, (2) refusing to grant the appellant a new trial on the question of liability as well as damages.

In October of 1977, the appellee, Herman Joseph Marshall, instituted an action against the appellant, Louisville & Nashville Railroad Company, under the Federal Employers' Liability Act. Specifically, he alleged that in October of 1976, while employed in the appellant's accounting department, he slipped on a pen top and sustained significant injury. He alleged that he fell in an area under the control and supervision of the appellant, and that his resulting injury was a direct result of the appellant's failure to provide him a reasonably safe place to work. The action was subsequently tried by a jury which found for the appellee, awarding him damages for medical expenses and loss of income. The amount of judgment was reduced by the trial court in that it was established that the appellee's medical expenses were paid by the appellant. Thereafter, the trial court ordered this judgment set aside in that the jury did not properly consider the issue of pain and suffering. It then ordered a new trial on the issue of damages only. This was objected to by the appellant as being prejudicial. It is from this order that the appellant now appeals.

The evidence presented by the appellee relative to his fall is limited principally to his own testimony. He stated that on the day of the fall he was working as usual in the accounting department. Early in the afternoon he walked back to a storage area at the west end of the office to obtain a binder. Accompanying him was a co–worker, John Leet. As the appellee entered the storage area, he turned to his left and began looking for a binder on a series of shelves. As he attempted to locate the binder, he began to move sideways to his right. At this point, the appellee testified that he stepped on a felt tip pen top and fell, suffering injury to his back and neck. Apparently, the appellee was confused as to what happened at this point. In his deposition, he indicated that as he stepped on the top, it ricocheted and landed away from the place where he had fallen. Conversely, at the time of trial, he testified at the moment after the fall he had the pen top in his hand. No one saw the pen top on the floor, or actually saw the appellee fall. Mr. Leet testified that as he entered the storage area, he saw the appellee's leg go into the air and then saw him lying on the floor with the top in his hand.

Much of the evidence elicited during the trial involved the question of whether the storage area was kept free of debris and trash. Specifically, the appellee stated that the trash receptacles in the area where he fell were, especially in the afternoons, always overflowing with debris from the lunches of various employees and that such debris frequently spilled on the floor. There was, however, no contention on the appellee's part that he fell or slipped on any of this debris. Rather, he based his claim of negligence on the theory that someone had attempted to throw the pen top into a full trash receptacle causing it to land on the floor. However, there was no testimony substantiating this theory. In fact, there was no testimony as to how or when or by whom the pen top landed on the floor. The

only evidence that the pen top was, in fact, on the floor was the uncorroborated story of the appellee. Nevertheless, the appellee argues that the appellant failed in its duty to keep the area clean of debris and trash.

The appellant argues there was insufficient evidence presented to establish any negligence on its part. It argues there was no evidence of any negligence of any of its employees, and no evidence that it had any notice that the top was, at any time, on the floor of the storage area. On the contrary, the appellant argues that the evidence established it had provided the appellee with a safe place in which to work. Nevertheless, the appellee argues in its brief and in oral argument that the appellant had the duty to keep the storage area clean at all times. He admits that the area was cleaned each day at the end of the regular working hours. Nevertheless, he argues that the appellant had the duty to clean the area during the day as well. In fact, he argues that the appellant had the duty to constantly clean the area in question. We reject this argument.

■■■ Liability of an employer under the Federal Employers' Liability Act is not a strict or absolute liability. Rather, it is a liability predicated on a showing of negligence. *Foote v. Erie Lackawanna Ry. Co.,* 142 N.J.Super. 195, 361 A.2d 62 (1976). Although the Courts are to liberally construe the Act to allow recovery even if the negligence of the employer is minimal, some proof of negligence on its part must be established. *Rodriguez v. Delray Connecting R. R.,* 473 F.2d 819 (6th Cir. 1973). Therefore, any action under the Act is to be based on the common law principles of negligence rather than the principles involving strict or absolute liability. *Missouri–Kansas–Texas–R. Co. v. Couch,* 503 P.2d 196 (Okl., 1971). Reviewing the record below, we find no evidence of any negligence on the appellant's part. On the contrary, we believe that the appellant more than fulfilled its duty to provide the appellee with a reasonably safe place in which to work.

The appellee, as the trial court, relied on the decision of the Court in *Howard v.*

*Missouri Pacific R. R. Co.,* 295 S.W.2d 68 (Mo., 1956), in arguing that the facts as presented established the appellant's negligence. There, an employee was injured as a result of falling on an object in an area controlled and supervised by his employer. The evidence established that, in all probability, the object was dropped by a co-employee and had remained there due to the negligence of the employer. Accordingly, the Court ruled that the injured employee need not establish the length of time the object had been there. We believe that *Howard* is clearly distinguishable. Here, the area where the appellee allegedly fell was not a restricted area. There was substantial evidence indicating that people other than employees of the appellant were permitted into the area. Of more significance is the absence of any evidence concerning how the top landed on the floor where the appellee fell. Unlike *Howard, supra,* there was no evidence here connecting any act of an employee with the fact that the top was on the floor of the storage area. Furthermore, there was no evidence to indicate that the appellant had actual or constructive notice that the top was there. Absence such evidence, we do not believe that the appellant can be said to have breached its duty of care to the appellee.

To find the appellant negligent absent such evidence would be to hold it to a standard of strict liability. *Cf. Turner v. Clinchfield R. C.,* 489 S.W.2d 257 (Tenn. App., 1972). The appellant did all it reasonably could to provide the appellee with a reasonably safe place in which to work. To impose upon it the duty to clean the storage area during the day as well as after regular business hours would be both impractical and unreasonable. In any event, the appellee failed to establish any causal connection between the alleged overflowing of the trash receptacles and his subsequent fall.

Consequently, we do not believe that the evidence presented was sufficient to establish any negligence on the part of the appellant. As such, the trial court erred in not granting a judgment for the appellant, either in the form of a directed verdict or as a judgment N.O.V.

Accordingly, we reverse the judgment of the trial court and direct it to enter a judgment for the appellant. As such, we do not reach the second issue raised by the appellant.

All concur.