Kenneth SIMPSON, Appellant,

v.

TEXAS AND NEW ORLEANS RAILROAD COMPANY, Appellee.

No. 18961.

United States Court of Appeals
Fifth Circuit.

Jan. 11, 1962.

G. Harrison Scott, New Orleans, La., for appellant.

Harry McCall, Jr., Chaffe, McCall, Phillips, Burke & Hopkins, New Orleans, La., for Texas and New Orleans R. Co.

Before RIVES, CAMERON and BELL, Circuit Judges.

RIVES, Circuit Judge.

This appeal is from a judgment sustaining the defendant's motion to dismiss a complaint brought under the Federal Employers' Liability Act, 45 U.S.C.A. § 51 et seq., on the ground that it fails to state a claim upon which relief can be granted.

According to the complaint, the accident occurred on January 15, 1959, at approximately 4:30 P.M. Plaintiff was an employee of the defendant and his duties were in furtherance of interstate commerce. Defendant was a common carrier by railroad engaged in interstate commerce. Plaintiff was a messenger furnished by the defendant with a motorcycle which he was required to use in his employment.

Plaintiff was in the process of riding the motorcycle from defendant's New Orleans office to its terminal at Harvey, Louisiana, for the purpose of picking up mail. Plaintiff drove the motorcycle off the Algiers Ferry onto the ramp on the west side of the Mississippi River. It was raining at the time, and the motorcycle, after going a short distance up the ramp, stopped and plaintiff, after numerous efforts, was unable to restart it. Plaintiff then telephoned his supervisor, an employee of the defendant, and was informed by his supervisor that he should leave the motorcycle at the place where it became defective and continue en route by public transportation.

Plaintiff then boarded a Westside Transit Lines, Inc., bus and continued his mail route. Upon getting off the bus in the vicinity of defendant's Harvey depot, while it was still raining very hard, plaintiff was in process of crossing the street when he was struck by an automobile. As a result, plaintiff sustained a fracture of the lateral and descending ramus of the pubix on the right side, dislocation of the left knee, and a fracture of the right arm, with consequent hospitalization, medical treatment, etc., for all of which he claimed damages in the amount of $75,000.00.

The complaint alleges that plaintiff's injuries resulted from the negligence of the defendant through the following acts of negligence, "among others": (1) in failing to furnish plaintiff with a safe means of transportation; (2) in failing to maintain the equipment which plaintiff was required to use in a safe and workable condition; (3) in failing to remedy the defect to the motorcycle upon learning of this condition; and (4) in failing to furnish plaintiff with proper protection from the weather when defendant knew that plaintiff, in the course of his occupation, would be required to be out in all types of weather.

For reversal, the plaintiff relies upon Rogers v. Missouri Pacific R. Co., 1957, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493; Webb v. Illinois Central R. Co., 1957, 352 U.S. 512, 77 S.Ct. 451, 1 L.Ed.2d 503; and Ringhiser v. C. & O. Ry. Co., 1957, 354 U.S. 901, 77 S.Ct. 1093, 1 L. Ed.2d 268. For affirmance, the defendant relies upon the language of the Act and upon Inman v. Baltimore & O. R. Co., 1959, 361 U.S. 138, 80 S.Ct. 242, 4 L.Ed.2d 198; Chesapeake & O. R. Co. v. Burton, 4 Cir., 1954, 217 F.2d 471; Atlantic Coast Line R. Co. v. Craven, 4 Cir., 1950, 185 F.2d 176; Raudenbush v. Baltimore & O. R. Co., 3 Cir., 1947, 160 F.2d 363; Gulf M. & O. R. Co. v. Joiner, 1947, 201 Miss. 442, 29 So.2d 255; Denny v. Montour R. Co., W.D.Pa., 1951, 101 F. Supp. 735; and Frabutt v. New York

C. & St. L. R. Co., W.D.Pa., 1950, 88 F. Supp. 821. We agree with the district court and affirm the judgment of dismissal.

Despite some loose talk to the contrary, the plain language of the Federal Employers' Liability Act makes unmistakably clear that it is not a workmen's compensation act but provides relief only for injury or death resulting in whole or in part from the negligence of the employer railroad, e. g.:

> " * * * for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment."
>
> 45 U.S.C.A. § 51.

Plaintiff having left the motorcycle and gotten onto a public bus, the chain of causation between breakdown of the motorcycle and any subsequent occurrence was effectively broken, and plaintiff's situation was no different than it would have been if he were normally required to perform his duties on foot and by use of public transportation. Thereafter plaintiff's injuries were caused by an ordinary automobile accident which may have been unavoidable, or may have resulted from the negligence of the automobile driver, the negligence of the plaintiff, or both—but clearly not from the negligence of the defendant railroad. To hold that defendant should have shielded plaintiff from ordinary traffic hazards is tantamount to making it an insurer. The Act does not make the railroad company an insurer against personal injuries to its employees.

No decision has been cited, nor have we found any, holding an employer railroad liable under the Act for an injury incurred in the performance of an everyday, ordinary action, such as walking on the street or crossing the street, when the injury results from the action of some third person. To the contrary is the recent decision of Inman v. Baltimore & O. R. Co., supra.

The complaint fails to show any negligence on the part of the defendant proximately causing or contributing to the plaintiff's injury. The judgment of dismissal is therefore

Affirmed.