George W. GOWINS, Plaintiff-Appellant,

v.

The PENNSYLVANIA RAILROAD COMPANY, Defendant-Appellee.

No. 14632.

United States Court of Appeals Sixth Circuit.

March 6, 1962.

C. Richard Grieser, Dombey, Tyler, Richards & Grieser, Columbus, Ohio, for appellant.

Robert L. Barton, Bricker, Evatt, Barton, Eckler & Niehoff, Columbus, Ohio, for appellee.

Before MILLER, Chief Judge, SIMONS, Senior Circuit Judge, and DARR, Senior District Judge.

SHACKELFORD MILLER, Jr., Chief Judge.

Appellant brought this action under the Federal Employers' Liability Act, Section 51 et seq., Title 45 U.S.C.A., and the Boiler Inspection Act, Section 22 et seq., Title 45 U.S.C.A., to recover damages for injuries suffered while working as a conductor of a crew operating a freight train of the appellee, The Pennsylvania Railroad Company. At the conclusion of the evidence, the District Judge granted the appellee's motion to withdraw the allegations under the Boiler Inspection Act from the consideration of the jury and the case was submitted to the jury on the issue of negligence under the Federal Employers' Liability Act. The jury returned a verdict for the appellee.

The job orders for the crew directed them to operate a freight train from Georgetown, Ohio to Cadiz Junction, Ohio, and then to take another train from Cadiz Junction to Georgetown, Ohio. The crew attached two locomotives and a caboose to the rear end of the train and also attached two other locomotives on the front end of the train and carried out the assignment.

When the train returned to Georgetown, appellant got off of one of the locomotives, lined up a switch and went to a telephone located at that point to report the train clear of the switch. He then walked to a station wagon about 200 to 250 feet away and talked to its driver. He waited there about ten minutes until the locomotives returned, after having taken the cars into the yard. As they approached, at a speed of from eight to ten miles per hour, appellant attempted to get on the engine to ride back to the telephone to report where he put the caboose. He testified that when he went to get on the engine, "I slipped and tripped over a ground air hose," that he was struck by the back grab handle of the front step, "swirled around * * * and knocked to the ground."

The air hose referred to was approximately an inch and a half hose and was used to put air into the cars. One end of the hose was attached to an iron air pipe and the other end would be attached to a car when in use and lying free when not in use. There was testimony that at the time in question the air hose was not in use and was lying on the ground outside of the ties in violation of Safety Rule No. 4533 of the appellee pertaining to maintenance of equipment. Appellant admitted on cross-examination that he saw the air hose on several occasions that day, that he considered the air hose in that position dangerous at that time, but that he did not do anything about it because it was not his job. Appellee also put in evidence Rule No. 1408, which read, "Getting on or off

moving equipment, except when necessary for the proper performance of duties, is prohibited." Appellant claimed that his attempt to board the moving engine was necessary in the performance of his duty at the time.

The District Judge submitted to the jury the question of negligence on the part of the appellee and the question of contributory negligence on the part of the appellant. One of appellant's main contentions is that the District Judge erred in not instructing the jury, as requested by appellant, that the doctrine of assumption of risk was not a defense to the action, Section 54, Title 45 U.S.C.A., and that the charge of the District Judge in effect left the jury with the belief that assumption of risk was a defense to the action.

■ Assumption of risk as a defense, where there is negligence on the part of the employer, has been written out of the Act. But when used in the sense that the employer is not liable for those risks which it could not avoid in the observance of its duty of care, it has not been written out of the law. Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, concurring opinion of Mr. Justice Frankfurter at page 72, 63 S.Ct. 444, 453, 87 L.Ed. 610, where it was said, "Because of its ambiguity the phrase 'assumption of risk' is a hazardous legal tool. As a means of instructing a jury it is bound to create confusion. It should therefore be discarded." Assumption of risk was not pleaded as a defense by the appellee. Contributory negligence was pleaded by appellee, and under that issue an instruction permitting the jury to consider appellant's actions in the light of a dangerous condition known to him was proper. Section 53, Title 45 U.S.C.A., Chicago, St. P. M. & O. R. Co. v. Arnold, 160 F.2d 1002, C.A. 8th. If the instruction on contributory negligence was a correct one, we do not think it was error to refuse to instruct on the question of assumption of risk. DePascale v. Pennsylvania R. Co., 180 F.2d 825, 827, C.A. 3rd. We are of the opinion that the District Judge correctly instructed the jury on the issue of contributory negligence. Atlantic Coast Line R. Co. v. Dixon, 189 F.2d 525, 527, C.A. 5th, cert. denied, 342 U.S. 830, 72 S.Ct. 54, 96 L.Ed. 628.

■ However, under the Boiler Inspection Act, negligence is not the basis of liability and the partial defense of contributory negligence and the bar of assumption of risk are not available to the employer. The Act has been liberally construed in the light of its prime purpose, the protection of employees, by requiring the use of safe equipment. Any employee engaged in interstate commerce who is injured by reason of a violation of the Act, has a cause of action under the Act. Section 23, Title 45 U.S.C.A.; Lilly v. Grand Trunk Western R. Co., 317 U.S. 481, 63 S.Ct. 347, 87 L.Ed. 411; Urie v. Thompson, Trustee, 337 U.S. 163, 188–189, 69 S.Ct. 1018, 93 L.Ed. 1282. The Act covers not only defects in construction or mechanical operation, but gives protection against the presence of dangerous objects or foreign matter. Lilly v. Grand Trunk Western R. Co., supra; Calabritto v. New York, N. H. &. H. R. Co., 287 F.2d 394, 397, C.A.2nd.

In the present case, the train was powered by diesel engines. In order to go from the ground into the cab of the locomotive and conversely from the cab to the ground, it was necessary to walk along one of the walkways extending along each side of the two engines from the end of the locomotive to the cab. Appellant's duties required him to get onto and off the locomotives at the head end of the train.

Appellant testified that in the course of the trip he used the walkways on both locomotives all the time, that there was oil on the walkways, that the condition was worse on locomotive 8947, on which he rode on the return trip to Georgetown, and that in the course of his duty it was necessary for him to walk through the oil, "all the time." He also testified that when he attempted to get on the engine, he "slipped and tripped. . . ."

**434**

In Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 506–507, 77 S.Ct. 443, 448, 1 L.Ed.2d 493, the Supreme Court said, in a case brought under the Federal Employers' Liability Act, that the test of a jury case is simply whether the proofs justify with reason the conclusion that employer negligence "played any part, *even the slightest,* in producing the injury or death for which damages are sought" (Emphasis added). If that test is met, a judge is "bound to find that a case for the jury is made out whether or not the evidence allows the jury a choice of other probabilities." Gibson v. Thompson, Trustee, 355 U.S. 18, 19, 78 S. Ct. 2, 2 L.Ed.2d 1; Ringhiser v. Chesapeake & Ohio Rwy. Co., 241 F.2d 416, C.A.6th, reversed, 354 U.S. 901, 77 S.Ct. 1093, 1 L.Ed.2d 268; Moore v. Terminal Railroad Association, 358 U.S. 31, 79 S. Ct. 2, 3 L.Ed.2d 24 and cases cited therein. In Lavender v. Kurn, 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916, the Court said, "It is no answer to say that the jury's verdict involved speculation and conjecture" and "Only when there is a complete absence of probative facts to support the conclusion reached does a reversible error appear." The Boiler Inspection Act is substantially, if not in form, an amendment to the Federal Employers' Liability Act and is subject to the same construction. Urie v. Thompson, Trustee, supra, 337 U.S. 163, 188–189, 69 S.Ct. 1018.

We are of the opinion that under the rulings in Lilly v. Grand Trunk Western R. Co., supra, 317 U.S. 481, 63 S.Ct. 347, and Rogers v. Missouri Pacific R. Co., supra, 352 U.S. 500, 77 S.Ct. 443, the District Judge was in error in withdrawing from the consideration of the jury appellant's claim for damages under the Boiler Inspection Act. Calabritto v. New York, N. H. & H. R. Co., supra, 287 F.2d 394.

The judgment is reversed and the case remanded to the District Court for a new trial.