PEARSON, Judge.
The appellant, R. W. Price, was an employee of the appellee, Florida East Coast Railway Company. This is an appeal by the plaintiff, appellant, in an action brought under the Federal Employers’ Liability Act, 45 U.S.C.A. § 51 et seq. The jury returned a verdict for the plaintiff in the amount of $25,000 and judgment was entered thereon. The plaintiff presents three points: (1) The trial court erred in refusing to instruct the jury, as requested, that' assumption of risk was not a defense to the cause of action. (2) The trial court erred in refusing to instruct the jury, as requested, upon the rule of concurrent causes. (3) The trial court erred in failing to grant a new trial because the verdict was shockingly inadequate.
The plaintiff’s right to argue points directed to liability in a F.E.L.A. case where he has received a verdict arises from the fact that these cases are governed by comparative negligence principles. Therefore, it may be argued that an error, going to liability alone, resulted in a misdetermination of the comparative responsibility of the parties for the injury.
Appellant’s first point, directed to the failure of the trial court to give a requested instruction on the non-availability of assumption of risk as a defense in the action, arose upon the plaintiff’s request for the following instruction:
“If you find from the evidence that the defendant failed to use due care to provide the plaintiff with a reasonably safe place to work and that such failure was in whole or in part a cause of his injury, I charge you that the mere fact that he knowingly worked in such place would not prevent a recovery for his injuries as the Acts of Congress, which apply to this case, provide that no employee shall be held to have assumed the risks of his employment in any case where injury to *263 such employee resulted in whole or in part from negligence of the employer.”
Assumption of risk is not a defense in F.E.L.A. cases. See 45 U.S.C.A. § 54; Tiller v. Atlantic Coast Line R. Co., 318 U.S. 54, 63 S. Ct. 444, 87 L.Ed. 610, 143 A.L.R. 967 (1943). Inasmuch as the negligence of the plaintiff may be considered in assessing the damages, it follows that contributory negligence may be shown but that it is not a complete defense. Gowins v. Pennsylvania Railroad Company, 6th Cir. 1962, 299 F.2d 431. Assumption of risk was not pleaded as a defense to the action. The defendant argued that the negligence of the plaintiff contributed to his injury. These circumstances were presented to the jury. A clear and adequate instruction upon comparative negligence was given by the court. Under these circumstances, it would have been improper for the court to have injected, by instruction, the spector of assumption of risk. Giving the instruction would not have contributed to a clarification of the issue, but to the contrary would have resulted in a clouding of the issue.
Appellant’s second point, directed to the failure to instruct upon concurrent causes, is likewise without merit. The evidence before the court did not require the giving of the charge, and plaintiff’s claim for aggravation of a pre-existing injury was fully covered in the charge.
A review of the evidence upon damages and the evidence upon liability in the light of the comparative negligence rule convinces us that the verdict is within the realm allowable. Therefore, the trial court did not commit error in failing to be shocked by the verdict.
Affirmed.