Delbert O. TOPPING, Plaintiff–Appellee,

v.

CSX TRANSPORTATION,
INCORPORATED, Defendant–Appellant.

No. 92–2449.

United States Court of Appeals,
Fourth Circuit.

Argued June 8, 1993.

Decided Aug. 11, 1993.

Fred Adkins, Huddleston, Bolen, Beatty, Porter & Copen, Huntington, WV, argued (James W. Turner, on brief), for defendant-appellant.

Robert Thomas Dolan, Hunegs, Stone, Koenig & Dolan, P.A., Minneapolis, MN, argued (Lawrence J. Lewis, on brief), for plaintiff-appellee.

Before WILKINSON, Circuit Judge, SPROUSE, Senior Circuit Judge, and G. Ross ANDERSON, Jr., United States District Judge for the District of South Carolina, sitting by designation.

## OPINION

WILKINSON, Circuit Judge:

Plaintiff Delbert Topping, a locomotive engineer, won a $350,000 verdict under the Boiler Inspection Act from his employer CSX Transportation, Inc., for injuries suffered when he slipped and fell in the cab of his train. CSX claims it should not be liable because Topping slipped on a loose metal object that was not a part of the train. We see no basis for interpreting the Act so strictly, since it requires the train to be "in

proper condition" and "safe to operate." CSX also contends that Topping's failure to notice the metal object and remove it absolves CSX of liability for his accident. The Supreme Court has held, however, that the Act comprehends no defense of contributory negligence. Finding no merit in the remainder of defendant's arguments, we affirm the judgment of the district court.

## I.

On June 15, 1990, while traversing the cab of his train, Delbert Topping slipped on a metal object that was lying on the floor and fell, sustaining injuries to his back and neck. The brakeman who was with Topping at the time testified that he had seen the object earlier that day on the emergency brake stand. Evidently it had since shaken off and fallen to the floor.

Topping sued his employer CSX under the Federal Employers' Liability Act and the Boiler Inspection Act. A jury determined that Topping had suffered $350,000 in total damages. On his FELA claim, the jury found CSX 90% negligent and Topping 10% negligent, reducing Topping's total award to $315,000. Under the Boiler Inspection Act, however, fault is not a factor. The jury therefore awarded Topping the full $350,000.

CSX appeals this verdict on a variety of grounds. We shall address the most significant.

## II.

■■ The Boiler Inspection Act provides in relevant part as follows:

> It shall be unlawful for any carrier to use or permit to be used on its line any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put....

45 U.S.C. § 23. CSX contends that Topping's accident did not arise out of a violation of the Act, because Topping slipped on an object that was not a part of the train. Topping responds that the railroad is still liable, because the Act requires the railroad to keep the locomotive clear of "dangerous objects or foreign matter" as well. *Lilly v. Grand Trunk Western R.R. Co.*, 317 U.S. 481, 487, 63 S.Ct. 347, 351–52, 87 L.Ed. 411 (1943) (railroad responsible for removing ice from top of locomotive tender).

Topping is correct. "The Act without limitation speaks of equipment 'in proper condition and safe to operate ... without unnecessary peril to life or limb.' Conditions other than mechanical imperfections can plainly render equipment unsafe to operate...." *Id.* at 488, 63 S.Ct. at 352. It seems to us a classic jury question whether the presence of the loose metal object rendered the locomotive cab "unsafe to operate." We see no basis for reading CSX's limitation into the Act.

■■ CSX also argues that it should not be responsible for the accident because Topping should have noticed the loose metal object and removed it from the cab. We disagree. The Supreme Court emphasized in *Lilly* that when a railroad violates the Boiler Inspection Act, "the partial defense of contributory negligence and the bar of assumption of risk are not available" to the railroad. *Id.* at 491, 63 S.Ct. at 353–54. Thus, to recover under the Act, an injured railroad worker need only prove that a violation on the part of the railroad was a cause of his injury. Here the jury found CSX 90% responsible for the accident. CSX is therefore liable for all of Topping's damages.

Our decision in *Mosco v. Baltimore & Ohio R.R.*, 817 F.2d 1088 (4th Cir.1987), does not mandate a different result. In *Mosco*, this court held the railroad not liable to an employee who had been struck by an object flying through the open window of the train. The employee had left the window open because it was dirty and because the train cab was hot. He claimed that the railroad was responsible for his accident because it had not put a protective screen over the window. The court rejected this claim, ruling that the railroad had no duty to install such equipment "unless the omitted equipment (1) [wa]s required by applicable federal regulations; or (2) constitute[d] an integral or essential part of a completed locomotive." *Id.* at 1091. Neither was true in *Mosco*.

The court also noted in passing that "any impaired visibility resulting from dirt on the windows was due to [plaintiff's] own failure to clean the windows.... " *Id.* at 1092. This statement does not contemplate a partial contributory negligence defense, as CSX submits. It only reinforces the court's ruling that the railroad had breached no duty under the Boiler Inspection Act—in other words, that plaintiff's negligence was the sole cause of his accident. *Mosco* stands merely for the proposition that the Federal Railroad Administration, not the federal courts, has the power to require the installation of safety equipment that is not "an integral or essential part" of the train.

In this case, Topping does not claim that CSX failed to install safety equipment on the train. He claims simply that CSX did not keep the train cab safe. *Mosco* thus provides no reason to disturb the jury's verdict.

Our holding does not imply that railroad employees may bring loose items on board with impunity. A worker who slips on an item that he brought with him—a candy wrapper or a banana peel—may well be responsible for his accident. We need not settle such a question in this case. CSX did not establish that Topping had brought on board the metal object on which he slipped. The question of responsibility was appropriately left for the jury.

### III.

CSX also claims that the district court erred by not giving a "sole cause" instruction to the jury. According to CSX, a jury could have concluded from the evidence that Topping was 100% responsible for his accident; CSX argues that the district court should explicitly have advised the jury so. We think the court adequately apprised the jury of this option. The court instructed the jury that it should find for CSX if Topping failed to establish by a preponderance of the evidence that a "defective or unsafe condition was in whole or in part a direct cause of his injury." This instruction encompasses the "sole cause" rule; any further attention would only have skewed the court's presentation of issues to the jury.

We need not address CSX's remaining challenges to the FELA verdict, since we have upheld the $350,000 verdict under the Boiler Inspection Act. Finally, we decline CSX's suggestion that the damages in this case were so excessive as to warrant remittitur or new trial. The judgment of the district court is accordingly

AFFIRMED.