Harry **VARNEY**, Plaintiff,

v.

**NORFOLK AND WESTERN RAILWAY CO.,** Defendant.

**Civ. A. No. 3:94–0554.**

United States District Court, S.D. West Virginia, Huntington Division.

Sept. 29, 1995.

J. Thomas Hardin, Inez, KY, John David Preston, Paintsville, KY, for plaintiff.

Mark Hayes, Huntington, WVA, for defendant.

## ORDER

GOODWIN, District Judge.

Pending before the Court is defendant Norfolk and Western Railway Company's

("N & W") Motion for Partial Summary Judgment on the Application of the Boiler Inspection Act, 45 U.S.C. § 23. Because no material facts are in dispute regarding this issue, the Court finds that the Act is not applicable to this case and that N & W is entitled to partial summary judgment as a matter of law.

## I. BACKGROUND

The accident at issue occurred on March 14, 1994 when the plaintiff, a locomotive engineer employed by N & W, removed a radio from its housing in one locomotive in order to transport it to another locomotive for use. The plaintiff alleges that when he removed the radio from the first locomotive, he found that the strap was broken. The plaintiff further alleges that as he climbed the stairs of the second locomotive, he dropped the radio. He then "twisted" in order to avoid the radio striking him and, in so doing, injured his back.

The plaintiff maintains that the radio's broken strap constitutes a violation of the Boiler Inspection Act and imposes strict liability upon N & W for the plaintiff's injuries. The defendant denies the applicability of the Boiler Inspection Act and moves for partial summary judgment on this issue.

## II. DISCUSSION

■ Section 23 of the Boiler Inspection Act, as previously enacted, states in pertinent part:

It shall be unlawful for any carrier to use or permit to be used on its line any locomotive unless said locomotive, its boiler, tender, and all parts and appurtenances thereof are in proper condition and safe to operate in the service to which the same are put, that the same may be employed in

the active service of such carrier without unnecessary peril of life or limb. . . .

45 U.S.C. § 23.[1]

The Court agrees that while the radio was housed in the locomotive, it constituted a part or appurtenance of the locomotive. Therefore, a malfunction of the installed radio could create liability under the Boiler Inspection Act. *See Seaboard Coast Line R. Co. v. Jackson,* 256 So.2d 568 (Fla.App.Ct. 1971), *cert. denied* 262 So.2d 442 (Fla.), *cert. denied,* 409 U.S. 1001, 93 S.Ct. 324, 34 L.Ed.2d 262 (1972) (holding that a radio installed in a locomotive to provide two-way communication between the engine and yard employees was an "appurtenance" within the meaning of the Boiler Inspection Act.); *Green v. River Terminal Ry. Co.,* 763 F.2d 805 (6th Cir.1985).

Assuming *arguendo* that the radio, when removed by the plaintiff and transported to a second locomotive, continued to constitute a part or appurtenance of the locomotive, the Court still finds the Boiler Inspection Act inapplicable. The Act requires that all parts and appurtenances be "in proper condition and safe to operate in the service to which the same are put, *that the same may be employed in the active service of such carrier without unnecessary peril of life or limb.*" (emphasis added)[2]. The Court finds that a broken strap on a radio removed from a locomotive does not create an "unnecessary peril of life or limb" as a matter of law. Indeed, such an argument defies logic.

The Court recognizes that conditions other than mechanical imperfections can render a locomotive or its appurtenances unsafe to operate. *See, e.g., Topping v. CSX Transportation, Inc.,* 1 F.3d 260 (4th Cir.1993) (holding that whether presence of loose metal object on floor of cab of train car rendered locomotive unsafe to operate under Boiler Inspection Act was a jury question); *Lilly v.*

---

**1.** Section 23 of Title 45 was in effect at the time of the plaintiff's accident. In July of 1994, the Boiler Inspection Act was amended and recodified as the Locomotive Inspection Act, 49 U.S.C. § 20701 and now provides:

A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances—

(1) are in proper condition and safe to operate without unnecessary danger of personal injury. . . .

**2.** The Locomotive Inspection Act, 49 U.S.C. § 20701, similarly requires that the parts and appurtenances be "in proper condition and safe to operate without unnecessary danger of personal injury. . . ."

*Grand Trunk Western R. Co.,* 317 U.S. 481, 487, 63 S.Ct. 347, 352, 87 L.Ed. 411 (1943) (finding railroad liable for presence of ice on top of locomotive tender). However, unlike the conditions in the cited cases, the broken strap on the radio handle did not render either the locomotive or the radio itself "unsafe to operate." At best, the condition of the radio handle required the plaintiff to hold ·the radio in a different manner in transit.

There is no contention in the case at bar that the radio failed to properly perform its intended purpose—that is, to provide two-way communication for the engineer. Rather, the plaintiff contends that in moving the radio from one locomotive to another, he discovered that the radio's strap was broken. The Court finds that, as a matter of law, this condition did not present an "unnecessary peril of life and limb" sufficient to invoke the Boiler Inspection Act.

 In addition, the Court finds, as a matter of law, that when the radio was detached from its casing and in transit to another locomotive, it was no longer a part or appurtenance of the locomotive for purposes of liability under the Boiler Inspection Act. *See McCarthy v. Pennsylvania R. Co.,* 156 F.2d 877, 880 (7th Cir.1946), *cert. denied,* 329 U.S. 812, 67 S.Ct. 635, 91 L.Ed. 693 (1947) (holding that analogous provisions of Safety Appliance Act impose "upon the carrier the absolute and continuous duty to have its locomotives equipped with parts and appurtenances which are safe *when in their normal place* ") (emphasis added); *O'Dea v. Byram,* 176 Minn. 67, 222 N.W. 519 (1928). The Court therefore finds that the presence of a broken strap on a radio, discovered by the plaintiff when he removed the radio from its casing, was not a violation of the Boiler Inspection Act and that the defendant is entitled to partial summary judgment on this issue.

## III. CONCLUSION

For the reasons set forth herein, the Court finds that the Boiler Inspection Act is inapplicable and accordingly ORDERS that the defendant's Motion for Partial Summary

Judgment on the Application of the Boiler Inspection Act be GRANTED.