**Robert PALMER, Plaintiff,**

v.

**UNION PACIFIC RAILROAD CO., Defendant.**

**Civil Action No. G–97–458.**

United States District Court, S.D. Texas, Galveston Division.

July 7, 1998.

---

Kenneth Ross Citti, Citti & Crinion, Houston, TX, for Ross Citti.

Arthur Sadin, Youngdahl and Sadin, Friendswood, TX, for Robert Palmer.

Douglas W Poole, McLeod Alexander et al, Galveston, TX, for Union Pacific Railroad.

### *ORDER DENYING SUMMARY JUDGMENT*

KENT, District Judge.

In this action, Plaintiff Robert Palmer asserts claims against his former employer under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. § 51 *et seq.*, and the Locomotive Inspection Act ("LIA"), 49 U.S.C. § 20701. Now before the Court is Defendant's Motion for Summary Judgment, filed June 10, 1998. For the reasons set forth below, the Motion is **DENIED.**

Plaintiff alleges that he was injured on or about May 1, 1997 as a result of Defendant's negligence in failing to provide a safe working environment when an object flew through

the window of the railcar cab in which Plaintiff was riding and struck him in the chest. Plaintiff alleges that he requested that Defendant place an air conditioned cab as the lead unit, and Defendant refused. Plaintiff also argues that Defendant was negligent in failing to provide a climate-controlled cab or protective window screens.

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. FED.R.CIV.P. 56. Rule 56(e) requires that when a motion for summary judgment is made, the nonmoving party must set forth set forth specific facts showing that there is a genuine issue for trial. *Id.; see Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. Only disputes over facts that might affect the outcome of the lawsuit under governing law will preclude the entry of summary judgment. *Anderson,* 477 U.S. at 247–48, 106 S.Ct. at 2510. If the evidence is such that a reasonable fact-finder could find in favor of the nonmoving party, summary judgment should not be granted. *Id.; see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

Defendant first argues that the LIA preempts any further statute or regulation abrogating or enhancing the LIA's requirements. Defendant cites *Napier v. Atlantic Coast Line R.R. Co.,* 272 U.S. 605, 47 S.Ct. 207, 210, 71 L.Ed. 432 (1926), which holds that the Boiler Inspection Act (now known as the LIA) was intended to occupy the field of locomotive equipment. *Id.* at 613, 47 S.Ct. at 210. Because Plaintiff has asserted causes of action only under FELA and LIA, and because the enforceability of a

state statute is not at issue, the Court presumes that Defendant is arguing that the LIA preempts FELA. If so, such an argument is without merit. Federal railroad safety laws such as FELA and LIA are *in pari materia* and must be liberally construed to carry out their remedial and humanitarian purposes. *See Southern Ry. Co. v. Bryan* 375 F.2d 155, 158 (5th Cir.1967). Moreover, the LIA is considered as a supplement to the FELA, "provid[ing] additional public protection and facilitat[ing] employee recovery." *King v. Southern Pacific Transp. Co.,* 855 F.2d 1485, 1488 n. 1 (10th Cir.1988) (citation omitted) Thus, Defendant's preemption argument is rejected.[1]

Next, Defendant argues for summary judgment on Plaintiff's LIA claim. "'[T]he [LIA] is a safety statute which is to be liberally construed to afford protection to railroad employees.'" *Gregory v. Missouri Pacific R. Co.,* 32 F.3d 160, 161 (5th Cir.1994) (quoting *Oglesby v. Southern Pacific Transp. Co.,* 6 F.3d 603, 606 (9th Cir.1993)). It imposes an absolute duty to provide safe equipment on locomotives. *Id.; King,* 855 F.2d at 1488 n. 1. The Act provides in relevant part:

A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances—

(1) are in proper condition and safe to operate without unnecessary danger of personal injury....

49 U.S.C. § 20701. Whether the locomotive is "in proper condition and safe to operate" is an issue of fact for the jury. *See Gregory,* 32 F.3d at 162 n. 6 (citing *Lilly v. Grand Trunk Western R.R. Co.,* 317 U.S. 481, 489, 63 S.Ct. 347, 352, 87 L.Ed. 411 (1943) (where tender is covered with ice, there was enough evidence "so as to permit a jury to find that the [LIA] has been violated"); *Topping v. CSX Transp., Inc.,* 1 F.3d 260, 261 (4th Cir.1993) ("It seems to us a classic jury question

---

**1.** Furthermore, the Court notes that Defendant mistakenly conflates Plaintiff's two claims into one, stating that Plaintiff alleges a violation of the LIA "[a]s the basis for his FELA claim." However, the LIA, though supplementary to the FELA, provides a completely separate cause of action. *See King,* 855 F.2d at 1488 n. 1 ("The FELA and the [LIA] further their humanitarian

goals by imposing different types of liability. Liability under the FELA is premised on the railroad's negligence, however small. In contrast, the [LIA] imposes on the carrier an absolute duty to maintain the locomotive....") (citations omitted). Therefore, Defendant's summary judgment argument regarding Plaintiff's LIA claim is inapplicable to Plaintiff's FELA claim.

whether the presence of the loose metal object rendered the locomotive cab 'unsafe to operate.' ")).

 Nevertheless, Defendant argues that Plaintiff's LIA claim cannot be maintained because window screens and air conditioners, two pieces of equipment that presumably would have prevented Plaintiff's injuries, are neither required by statute, nor are they "integral or essential parts of a completed locomotive." *See Lunsford,* 297 U.S. at 402, 56 S.Ct. at 506 ("Whatever in fact is an integral or essential part of a completed locomotive, and all parts or attachments definitely prescribed by lawful order of the Interstate Commerce Commission, are within the statute."). The Court concedes that it is highly unlikely that air conditioners or window protections will be considered "integral or essential parts" of a locomotive. However, the regulations promulgated pursuant to the LIA do mandate that railway cabs "shall be provided with proper ventilation." 49 C.F.R. § 229.119(d). Plaintiff argues that whether the requirement of "proper ventilation" is met by an open window is a material issue of fact for the jury. The Court agrees.

Defendant has cited to no summary judgment evidence to establish what "proper ventilation" would require; instead, Defendant merely states, without reference, that "all parties agree" that proper ventilation was provided. Plaintiff, however, contests this point. The Court feels that this issue cannot be decided on summary judgment, especially where the case law is sparse, and factual analysis lacking.

 Therefore, for the reasons stated above, Defendant's Motion for Summary Judgment is **DENIED.**[2] The parties are **ORDERED** to bear their own costs and attorney's fees incurred herein to date. The parties are also **ORDERED** to file nothing

further regarding the arguments addressed by this Order, including motions to reconsider and the like, unless supported by *compelling* new evidence not available at the time of the instant submissions. Instead, the parties are instructed to seek any further relief to which they feel themselves entitled from the United States Court of Appeals for the Fifth Circuit, as may be appropriate in due course.

**IT IS SO ORDERED.**

---

**2.** Although Defendant did not make any FELA arguments in its Motion, the Court finds it axiomatic that Plaintiff's FELA claims must survive summary judgment. FELA was intended to "enable injured railroad workers to overcome a number of traditional defenses to tort liability that had previously operated to bar their actions." *Ellison v. Shell Oil Co.,* 882 F.2d 349, 353 (9th Cir.1989) (quoting *Lewy v. Southern Pacific Transp. Co.,* 799 F.2d 1281, 1287 (9th

Cir.1986)). It was intended to expand a plaintiff's ability to recover, by allowing recovery from his or her employer upon a showing that the employer's negligence played a part in the injury, *however slight. See id.* Employing FELA's slight negligence standard, it is certainly within the province of a factfinder to find that Plaintiff's allegations constitute negligence on the part of Defendant.