LYONS, Justice
(concurring in part and dissenting in part).
Frank Reeder sued Burlington Northern Railroad Company (“BN”), seeking damages for injuries he sustained when *393 one of the railroad’s trains upon which he was working derailed when it collided with a pulpwood truck at a grade crossing. Reeder alleges that BN improperly mounted radio and telemetry equipment on the engine console and that the improper mounting prevented the engineer from seeing the pulpwood truck. Reeder maintains that had the engineer seen the approaching truck, the engineer could have instantly pulled the emergency brake, which was located within inches of his hand. Reeder says that because the engineer could not see the truck, the conductor had to apply the emergency brake, and that this fact caused a delay of at least two seconds. If the engineer had applied the emergency brake more quickly, Reeder says, he would not have sustained his injuries.
Reeder’s claims against BN included a claim based on the Federal Employer’s Liability Act, 45 U.S.C. § 51 et seq., and a claim based upon an alleged violation of the Locomotive Inspection Act (“LIA”), specifically 49 U.S.C. § 20701. The trial court entered a summary judgment in favor of BN on all of Reeder’s claims. The Court of Civil Appeals, on June 5, 1998, affirmed that judgment, without opinion. Reeder v. Burlington N.R.R., 740 So.2d 494 (Ala.Civ.App.1998) (table). Reeder now petitions this Court for certiorari review. Because I believe the Court should grant certiorari review of the issues Reed-er raises concerning his LIA claim, I must respectfully dissent from the order denying review of that claim. To the extent the Court denies review of Reeder’s other claims, I concur.
Reeder’s LIA claim is based upon an alleged violation of 49 U.S.C. § 20701.
“This provision was formerly part of the Boiler Inspection Act (BIA) and was codified at 45 U.S.C. § 23. The BIA was subsequently repealed and its provisions recodified. See Act of July 5, 1994, Pub.L. No. 103-272, § 7(b), 108 Stat. 745. The substance of the BIA remains unchanged by the recodification. See H.R. Rep. 103-180, at 818 (1994), reprinted in 1994 U.S.C.A.A.N. 818, 818.”
Summers v. Missouri Pac. R.R., 132 F.3d 599, 602 n. 1 (10th Cir.1997). Thus, prior cases construing the BIA are applicable to Reeder’s claim.
The BIA “ ‘imposes upon the [railroad] an absolute and continuing duty to maintain the locomotive, and all parts and appurtenances thereof, in proper condition, and safe to operate ... without unnecessary peril to life or limb.’ ” Lilly v. Grand Trunk W.R.R., 317 U.S. 481, 485, 63 S.Ct. 347, 87 L.Ed. 411 (1943) (citations omitted). A violation of the BIA renders the railroad strictly liable for resulting injuries because “[njegligence is not the basis for liability under the Act.” Id. In addition, the Act “is to be liberally construed in the light of its prime purpose, the protection of employees and others by requiring the use of safe equipment.” Id. at 486, 63 S.Ct. 347.
A violation of the BIA can occur in one of two ways. See Mosco v. Baltimore & Ohio R.R., 817 F.2d 1088, 1091 (4th Cir. 1987), cert. denied, 484 U.S. 851, 108 S.Ct. 152, 98 L.Ed.2d 108 (1987). First, the railroad “may fail to comply with the regulations promulgated by the Federal Railroad Administration.” Id. Second, the railroad may fail to keep the locomotive or its parts and appurtenances in proper condition and safe to operate without unnecessary peril to life or limb. Id.
Reeder’s petition for certiorari review is due to be granted as to the LIA claim because Reeder has demonstrated that he may have presented substantial evidence to the trial court indicating that BN failed to comply with a regulation promulgated by the Federal Railroad Administration. The applicable regulation states: “Cab windows of the lead locomotive shall provide an undistorted view of the right-of-way for the crew from their normal position in the cab. (See, also, Safety Glazing *394 Standards, 49 CFR part 223, 44 FR 77348, Dec. 31, 1979.)” 49 C.F.R. § 229.119(b).
According to Reeder’s Rule 39(k), Ala. RApp. P., statement of facts, the mounting of the radio and telemetry equipment on the lead locomotive blocked the engineer’s view. Reeder’s statement of facts also says that the top of the engine console was not the usual and customary place for the radio and telemetry equipment to be mounted. Furthermore, Reeder has alleged that both the engineer and the conductor testified that if they had applied the brakes more quickly, the train might not have hit the pulpwood truck or the impact might have been different. These allegations, if true, would tend to prove that BN violated 49 C.F.R. § 229.119(b), and, a for-tiori, the LIA, and that this violation caused his injuries
Reeder’s petition for certiorari review is also due to be granted because a jury question appears to exist as to whether the obstruction of the engineer’s view by the radio mounting rendered the locomotive unsafe “to operate ... without unnecessary peril to life or limb.” Lilly, supra, 317 U.S. at 485-87, 63 S.Ct. 347 (finding that a jury question existed as to whether ice on top of a locomotive on which the plaintiff slipped and fell rendered the locomotive unsafe to operate without unnecessary peril to life or limb, when a federal regulation required that the top of the locomotive be kept “clean”); see, also, Topping v. CSX Transp., Inc., 1 F.3d 260 (4th Cir.1993) (holding that whether presence of loose metal object on floor of cab of train rendered locomotive unsafe to operate under BIA was a jury question).
Therefore, I would grant Reeder’s petition for certiorari review of the issues he raises concerning his LIA claim.
KENNEDY, J., concurs.