MEMORANDUM OPINION
 

 KATZ, District Judge.
 

 Pending before the Court is Defendant’s motion for partial summary judgment (Doc. No. 21) as to which Plaintiff has filed a response (Doc. No. 22) and Defendant has filed a reply (Doc. No. 25). For the reasons stated below, Defendant’s motion will be granted in part and denied in part.
 

 Background
 

 While working as a locomotive engineer for Defendant Norfolk Southern Railway Company (“NSRC”), Plaintiff Shiloh E. Reed (“Reed”) contends that he sustained serious bodily injury when he tripped and fell over a box of bottled water located in the door area of a crew cab. Reed filed the instant action alleging violation of the Federal Employers Liability Act (“FELA”), 45 U.S.C. § 51
 
 et seq.
 
 (Count I), and
 
 per se
 
 negligence under the former Boiler Inspection Act (“BIA”), 45 U.S.C. § 23, which is now the Locomotive Inspection Act (“LIA”), 49 U.S.C. § 20701
 
 et seq.
 
 NSRC moves for summary judgment as to Count II.
 

 Discussion
 

 a. Summary Judgment Standard
 

 Summary judgment is appropriate where “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c). The moving party bears the initial responsibility of “informing the district court of the basis for its motion, and identifying those portions of ‘the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,’ which it believes demonstrate the absence of a genuine issue of material fact.”
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). The movant may meet this burden by demonstrating the absence of evidence supporting one or more essential elements of the non-movant’s claim.
 
 Id.
 
 at 323-25, 106 S.Ct. 2548. Once the movant meets this burden, the opposing party “must set forth specific facts showing that there is a genuine issue for trial.”
 
 Anderson v. Liberty Lobby, Inc.,
 
 477 U.S. 242, 250, 106 S.Ct.
 
 *CMLXVIII
 
 2505, 2511, 91 L.Ed.2d 202 (1986)
 
 (quoting
 
 Fed.R.CivP. 56(e)).
 

 Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient “simply [to] show that there is some metaphysical doubt as to the material facts.”
 
 Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). (1986)
 
 (quoting
 
 Fed.R.Civ.P. 56(e)).
 

 Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient “simply [to] show that there is some metaphysical doubt as to the material facts.”
 
 Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,
 
 475 U.S. 574, 586, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).
 
 Williams v. Belknap,
 
 154 F.Supp.2d 1069, 1071 (E.D.Mich.2001). The purpose of summary judgment “is not to resolve factual issues, but to determine if there are genuine issues of fact to be tried.”
 
 Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.,
 
 130 F.Supp.2d 928, 930 (S.D.Ohio 1999). Ultimately, this Court must determine “whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.”
 
 Anderson, 477
 
 U.S. at 251-52, 106 S.Ct. 2505;
 
 see also Atchley v. RK Co.,
 
 224 F.3d 537, 539 (6th Cir.2000).
 

 B. Defendant’s Motion for Partial Summary Judgment
 

 An employee injured due to a violation of the LIA may bring his action under the FELA.
 
 Lilly v. Grand Trunk Western R. Co.,
 
 317 U.S. 481, 485, 63 S.Ct. 347, 87 L.Ed. 411 (1943);
 
 see also Spade v. CSX Transp., Inc.,
 
 No. 5:02-CV-129, 2004 U.S. Dist. LEXIS 1810, at *6-7 (W.D.Mich. Jan. 30, 2004). The LIA provides:
 

 A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances—
 

 (1) are in proper condition and safe to operate without unnecessary danger of personal injury;
 

 (2) have been inspected as required under this chapter and regulations prescribed by the Secretary of Transportation under this chapter; and
 

 (3) can withstand every test prescribed by the Secretary under this chapter.
 

 49 U.S.C. § 20701.
 

 A violation of the LIA results in strict liability.
 
 Lilly,
 
 317 U.S. at 485, 63 S.Ct. 347;
 
 see also Gowins v. Pennsylvania R.R. Co.,
 
 299 F.2d 431, 433 (6th Cir.1962);
 
 Spade,
 
 No. 5:02-CV-129, 2004 U.S. Dist. LEXIS 1810, at *7. A carrier may violate the BIA, and now the LIA, by failing to comply with regulations issued by the Federal Railroad Administration, or violating the broad duty imposed “on carriers to keep all parts and appurtenances of their locomotives in proper condition and safe to operate without unnecessary peril to life or limb.”
 
 Mosco v. Baltimore & Ohio R.R.,
 
 817 F.2d 1088, 1091 (4th Cir.1987).
 

 In Count II, Reed contends that NSRC is
 
 per se
 
 negligent for violation of 49 C.F.R. § 229.119(c), which provides:
 

 Floors of cabs, passageways, and compartments shall be kept free from oil, water, waste or any obstruction that creates a slipping, tripping or fire hazard. Floors shall be properly treated to provide secure footing.
 

 Defendant asserts that § 229.119(c) applies only to a trip hazard that is an “integrated part of the engine cab,” directing
 
 *CMLXIX
 
 the Court to
 
 McGinn v. Burlington Northern R.R. Co.,
 
 102 F.3d 295 (7th Cir.1996).
 

 In
 
 McGinn,
 
 the court affirmed the district court’s ruling that the defendant railroad was not liable under § 229.119(c) to an employee who tripped over his own suitcase, which he had brought on board and laid in front of his seat.
 
 Id.
 
 at 300. The
 
 McGinn
 
 court distinguished that situation from the factual circumstances in
 
 Vaillancourt v. Illinois Cent. R.R. Co.,
 
 791 F.Supp. 734 (N.D.Ill.1992). In
 
 Vaillanc-ourt
 
 the court granted summary judgment to a railroad employee who was injured when he tripped over an ice chest that was
 
 bolted to the floor of the locomotive
 
 in “an area through which crew members were likely to pass.”
 
 Vaillancourt,
 
 791 F.Supp. at 738. Since the box of bottled water upon which Reed tripped was not attached or otherwise integrated or affixed to the crew cab’s floor, Defendant contends that Plaintiffs claim pursuant to § 229.119(c) must fail.
 

 NSRC also directs the Court to
 
 Southern Ry. Co. v. Lunsford,
 
 297 U.S. 398, 56 S.Ct. 504, 80 L.Ed. 740 (1936). In
 
 Luns-ford
 
 the Supreme Court stated:
 

 With reason, it cannot be said that Congress intended that every gadget placed upon a locomotive by a carrier, for experimental purposes, should become part thereof within the rule of absolute liability. So to hold would hinder commendable efforts to better conditions and tend to defeat the evident purpose— avoidance of unnecessary peril to life or limb. Whatever in fact is an integral or essential part of a completed locomotive, and all parts or attachments definitely prescribed by lawful order of the Interstate Commerce Commission, are within the statute. But mere experimental devices which do not increase the peril, but may prove helpful in an emergency, are not.
 

 Id.
 
 at 402, 56 S.Ct. 504.
 

 Under
 
 Lunsford,
 
 a carrier is not liable under the LIA for not installing equipment unless the equipment is required by federal regulation, or is considered to be an integral or essential part of a locomotive.
 
 Mosco,
 
 817 F.2d at 1091;
 
 see also King v. Southern Pacific Transp. Co.,
 
 855 F.2d 1485, 1488-89 (10th Cir.1988).
 

 Reed, however, argues that he fell on a box of bottled water which was there in violation of § 229.119(c)’s requirement to keep the floors of cabs, passageways, and compartments free of “water” directing the Court to
 
 Lilly,
 
 317 U.S. 481, 63 S.Ct. 347;
 
 Whelan v. Penn Cent. Co.,
 
 503 F.2d 886 (2d Cir.1974);
 
 Calabritto v. New York, N.H. & Hartford R.R. Co.,
 
 287 F.2d 394 (2d Cir.1961). In
 
 Lilly,
 
 the Supreme Court held that the railroad was liable under the BIA when the employee slipped on a locomotive tender covered with ice. The
 
 Whelan
 
 court affirmed the finding of liability against a railroad pursuant to the BIA in favor of an employee who slipped on an engine step that had become icy due to rain and sleet. Likewise, in
 
 Calabritto,
 
 the court affirmed judgment in favor of an employee who was injured when he slipped and fell on sand and oil laying on the platform of one of the railroad’s switching engines. The Court will not linger on this argument other than to note that the presence of bottled water here is not that contemplated in these cases.
 

 Plaintiff also argues that Defendant’s contention based on
 
 McGinn,
 
 that only objects that are integrated parts of the engine cabs give rise to liability, is mistaken. Indeed, NSRC isolates and completely divorces the
 
 McGinn
 
 court’s statement from the context in which it is made. Specifically, in
 
 McGinn,
 
 the court stated:
 

 
 *CMLXX
 
 The present case is distinguishable from
 
 Vaillancourt.
 
 Burlington did not provide McGinn with a suitcase and then bolt the suitcase to the engine cab’s floor. Here, McGinn tripped over his own loose suitcase which he himself brought on board and placed in front of his seat. McGinn did not trip over an integrated part of the engine cab. We recall that 49 C.F.R. § 229.119(c) imposes liability for failure to repair objects of which the engine cab is comprised, such as protruding floor boards or bolts that may create a tripping hazard. The regulation also places strict liability on a railroad for failure to keep floors free of foreign substances such as oil and grease or the elements such as snow and ice. The regulation does not encompass a crew member’s luggage.
 

 McGinn,
 
 102 F.3d at 300.
 

 Proper consideration in context demonstrates that the
 
 McGinn
 
 court’s decision was premised on the fact that the plaintiff tripped over his own luggage that he placed in his own way.
 

 In fact, in
 
 Topping v. CSX Transp., Inc.,
 
 1 F.3d 260, 261 (4th Cir.1993), the court rejected the defendant’s argument that the plaintiff, who was injured when he slipped on a loose metal object “that was not a part of the train”, could not seek redress under the BIA. The
 
 Topping
 
 court maintained that “[i]t seems to us a classic jury question whether the presence of the loose metal object rendered the locomotive cab ‘unsafe to operate.’ ”
 
 Id.
 
 In
 
 Topping,
 
 the court, however, explained:
 

 Our holding does not imply that railroad employees may bring loose items on board with impunity. A worker who slips on an item that he brought with him — a candy wrapper or a banana peel — may well be responsible for his accident. We need not settle such a question in this case. CSX
 
 did not establish that Topping had brought on board the metal object on which he slipped.
 

 Id.
 
 at 262 (emphasis added).
 

 Significantly, in
 
 McGinn,
 
 the district court’s ruling distinguished
 
 Topping
 
 asserting:
 

 Of course, McGinn’s [suitcase] is more essential to him on a two day trip than a banana or a piece of candy. But the fact remains that McGinn brought the [suitcase] on board, placed the [suitcase] in its precarious position himself, and fell over his own belongings. In light of the Fourth Circuit’s warning and this Court’s belief that [suitcases] are not encompassed within the meaning of the BIA’s tripping hazards, we do not find that the Railroad is strictly liable for McGinn’s injury.
 

 McGinn v. Burlington Northern R.R. Co.,
 
 848 F.Supp. 827, 831 (N.D.Ill.1994).
 

 More recently, in
 
 Haworth v. Burlington Northern & Santa Fe Ry.,
 
 281 F.Supp.2d 1207, 1213 (E.D.Wash.2003), the court differentiated
 
 McGinn,
 
 and granted the employee’s motion for summary judgment on liability, finding that an employee who had tripped over an air hose left on a train “need not prove that the air hose itself was an essential part” of the train.
 

 In the instant case, NSRC has not established that the box of bottled water on which Plaintiff tripped belonged to Reed or that Plaintiff had brought on it on board. Under these circumstances, Reed is not required to prove that the bottle of water is an “integrated” part of the crew cab, and neither
 
 McGinn
 
 nor
 
 Lunsford
 
 proscribe Reed’s claim. It is clear that “[c]onditions other than mechanical imperfections can plainly render equipment unsafe to operate without unnecessary peril to life or limb.”
 
 Lilly,
 
 317 U.S. at 488, 63 S.Ct. 347;
 
 see also Gowins,
 
 299 F.2d at 433;
 
 Calabritto,
 
 287 F.2d at 397. Defen-
 
 *CMLXXI
 
 Sant is therefore not entitled to summary judgment on Reed’s claim under Count II pursuant to § 229.119(c).
 

 On the other hand, NSRC asserts, and Plaintiff does not dispute, that there is no evidence to support Defendant’s liability under 49 C.F.R. § 213.135(e). As a consequence, NSRC is entitled to summary judgment under Count II pursuant to § 213.135(e).
 
 [1]
 
 Thus, Defendant’s motion for partial summary judgment is granted in part and denied in part.
 

 Conclusion
 

 For the reasons stated above, Defendant’s motion for partial summary judgment (Doc. No. 21) is granted in part and denied in part.
 

 IT IS SO ORDERED.
 

 [1]
 

 . § 213.135(e) provides:
 

 Each switch stand and connecting rod shall be securely fastened and operable without excessive lost motion.
 

 49 C.F.R. § 213.135(e).