**Lumley v. CSX Transportation Inc.**

*Mark F. McKenna,* for plaintiff.
*Anthony J. Rash* and *Brendan B. Kelly,* for defendants.

WHERRY, *S.J.,* April 12, 2007—This case is before the court on defendant's, CSX Transportation Inc., motion for partial judgment on the pleadings. The relevant facts, as averred by plaintiff, Douglas L. Lumley, are as follows.

During all relevant times, defendant employed plaintiff as a locomotive engineer. (Plaintiff's brief in opposition at I ¶1.) As part of his employment duties, on March 7, 2005, plaintiff was to transport a locomotive train from Willard, Ohio to New Castle, Pennsylvania. (Complaint at ¶11.) When plaintiff attempted to move the locomotive train from the Willard, Ohio train yard, he discovered that the lead locomotive engine was inoperable. (Complaint at ¶11.) Plaintiff alleges that because of the inoperability of the lead locomotive car, he was required to move that locomotive car from the main track by setting it off into the yard track at the Willard shop. (Plaintiff's brief in opposition at I ¶2; complaint at ¶13.) In order to accomplish the required relocation of the lead locomotive car, plaintiff was required to leave the train and utilize three switches located on or about the main track to the Willard yard. (Complaint at ¶14.) The complaint specifically alleges that, "while plaintiff was ordered to transport the unfit locomotive engine he was required to throw an unsafe, outdated, unmentioned track switch. ..." (Complaint at ¶19.) Plaintiff avers that, as a result of throwing, or attempting to throw, said switches, he suffered various injuries; subsequently, plaintiff filed the instant suit against defendant and seeks recovery under the Federal Employee's Liability Act (FELA), 45 U.S.C. §51 et seq., and the Locomotive Inspection Act (LIA). (Complaint at ¶15.)

The Pennsylvania Rules of Civil procedure state that, "[a]fter the relevant pleadings are closed, but within such time as not to unreasonably delay the trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a) (2007). Pennsylvania courts have established the standard for reviewing a party's motion for judgment on the pleadings, specifically:

"Like all summary judgments entered without a trial judgment on the pleadings may be entered only in clear cases free from doubt where there are no issues of fact, and only where the cause is so clear that a trial would clearly be a fruitless exercise . . . . The party moving for the judgment on the pleadings admits for the purpose of his motion the truth of all the allegations of his adversary and the untruth of any of his allegations which may have been denied by his adversary. Goodrich-Amram 2d, §1034(b)(1)." *Beck v. Minestrella,* 264 Pa. Super. 609, 611, 401 A.2d 762, 763 (1979).

Furthermore, "judgment on the pleadings is only proper where the pleadings establish evidence that there are no material facts in dispute, such that a trial by jury would be unnecessary." *Teamann v. Zafris,* 811 A.2d 52, 63 (Pa. Commw. 2002), *overruled on other grounds,* by *McCreesh v. City of Philadelphia,* 585 Pa. 211, 888 A.2d 664 (2005); see *Travelers Casualty & Surety Company v. Castegnaro,* 565 Pa. 246, 772 A.2d 456 (2001).

A federal district court held that "FELA creates a cause of action for railway employees who have been killed or injured by the railway's negligence." *Gottshall v. Consolidated Rail Corp.,* 988 F.2d 355, 360 (E.D. Pa. 1993), *rehearing denied, cert. denied,* 510 U.S. 912, 114 S.Ct.

299, *on remand, Carlisle v. Consolidated Rail Corp.,* 43 F.3d 1460, *on remand,* 56 F.3d 530. Furthermore, when an employee is injured during the course of their employment and the injury is resultant "in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence in its appliances, machinery . . . or other equipment," said common carrier is liable to the employee for damages. 45 U.S.C. §51 (2006).

A Federal District Court in the Northern District of Ohio held that "[a]n employee injured due to a violation of the LIA may bring his action under the FELA." *Reed v. Norfolk Southern R.R. Co.,* 312 F. Supp.2d 924, 926 (N.D. Ohio 2004) (citations omitted); see also, *Grogg v. Missouri Pac. R.R. Co.,* 841 F.2d 210 (8th Cir. 1988). The *Reed* court further held that an employer is strictly liable for a violation of the LIA. *Reed,* 312 F. Supp.2d at 926. However, if the alleged violation of the LIA "merely creates an incidental condition or situation in which the accident, otherwise caused, results in such injury," courts have held that the required causal link between the LIA and the employee's injury was not established. *Davis v. Wolfe,* 263 U.S. 239 (1923); *Green v. River Terminal Ry. Co.,* 763 F.2d 805, 810 (6th Cir. 1985).

In order to succeed in a claim filed pursuant to the LIA, a plaintiff must establish that their claim meets the "in use" requirement; specifically, the LIA excludes from its coverage injuries incurred "directly resulting from the inspection, repair and servicing of railroad equipment

located at a maintenance facility." *Angell v. Chesapeake and Ohio Railway Company,* 618 F.2d 260, 262 (4th Cir. 1980); see *Rivera v. Union Pacific Railroad Company,* 868 F. Supp. 294, 300 (Dist. Ct. Colo. 1994). The First Circuit has held that, in order to determine whether the "in use" requirement has been satisfied, a court must examine both the activity the injured party was engaged in at the time of the accident and the relevant locomotive's location during the same period. *McGrath v. Consolidated Rail Corp.,* 136 F.3d 838, 842 (1st Cir. 1998).

Defendant cites to several cases in which some event or condition on a particular locomotive, or relative to a particular railroad, caused a railroad employee to deviate from their traditional protocol, which subsequently resulted in said employee sustaining an injury by an event unrelated to the relevant railroad. In all of these cases, the plaintiffs' claims were deemed legally insufficient in that the LIA's "in use" requirement was not satisfied; specifically, the event caused by the railroad was not the event causally related to particular injury sustained in each event. *Protopopov v. CSX Transp. Inc.,* no. 11137 of 2001 C.A. (Lawrence C.C.P. Nov. 5, 2004); *Simpson v. Texas & New Orleans R. Co.,* 297 F.2d 660 (5th Cir. 1962); *Green v. River Terminal Railway Co.,* 763 F.2d 805 (1986).

The court notes that, as pled in the complaint, plaintiff's relevant actions were not "directly resulting from the inspection, repair and servicing of railroad equipment located at a maintenance facility." *Angell,* 618 F.2d at 262. Specifically, through his complaint, plaintiff alleges

that his relevant actions were undertaken while attempting to operate a locomotive train. (Complaint at ¶¶11, 13-15.) The court further notes that, as alleged within plaintiff's complaint, plaintiff's injuries were not the result of an intervening or superseding cause unrelated to defendant railroad. (Complaint at ¶¶11, 13-15.) Accordingly, the cases cited by defendant regarding the requirements of causation and that the relevant locomotive train was "in use" at the time of plaintiff's injury are currently inapplicable to the instant case. See *Protopopov,* no. 11137 of 2001 C.A.; *Simpson,* 297 F.2d 660; *Green,* 763 F.2d 805.

The court notes that plaintiff has averred that plaintiff was required to throw the aforestated switches in the furtherance of operating a locomotive train. (Plaintiff's brief in opposition at I ¶2; complaint at ¶¶13-14.) In accepting as true all of plaintiff's averments set forth in his complaint, this court finds that plaintiff's action in throwing the switches was in the course of attempting to operate a locomotive train. *Beck,* 264 Pa. Super. at 611, 401 A.2d at 763. Accordingly, defendant's motion for partial judgment on the pleadings must be denied.

## ORDER

And now, April 12, 2007, the court having heard argument on and reviewed the parties' briefs regarding defendant's motion for partial judgment on the pleadings, with Mark F. McKenna, Esquire representing the plaintiff, and Anthony J. Rash, Esquire and Brendan B. Kelly, Esquire, representing the defendant, the court finds and it is hereby ordered, adjudged and decreed as follows:

(1) Defendant's motion for judgment on the pleadings is denied as expressed in the accompanying opinion.

(2) The prothonotary shall serve notice of this order upon counsel of record for the parties, Mark F. McKenna, Esquire, Anthony J. Rash, Esquire and Brendan B. Kelly, Esquire; and if a party has no counsel, then upon said party at their last known address as contained in the court's file.